**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas HOOPER, Defendant-Appellant.**

**No. 77–1005.**

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1977.

Decided Oct. 12, 1977.

---

Nan R. Nolan, Carol A. Brook, Federal Defender Program, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., David J. Yeres, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER and WOOD, Circuit Judges, and JAMESON, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant-Appellant pleaded guilty to a one count indictment charging him with obstruction of mails in violation of 18 U.S.C. § 1701,[1] for which the maximum term of imprisonment is six months. The Judgment and Probation/Commitment Order signed by the district judge recites in part, "[i]mposition of sentence is suspended and the defendant is placed on Probation with supervision for a period of FOUR (4) YEARS, with the special condition of Probation being that the defendant serve the first NINETY (90) DAYS in a jail type institution in the Chicago Metropolitan Correction Center." Defendant filed a Motion to Clarify Sentence asserting that because the maximum sentence for violation of 18 U.S.C. § 1701 cannot exceed six months, the court lacked authority under 18 U.S.C. § 3651[2] to sentence defendant to both im-

---

* The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, is sitting by designation.

1. 18 U.S.C. § 1701 provides:

Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both.

2. In relevant part § 3651 provides:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

prisonment and probation, only to one or the other. That motion was denied.

Defendant and the Government in considering the validity of the sentence disagree as to what the sentencing judge's intention may have been in selecting a statutory basis for the sentence. Defendant contends that he could not be sentenced to both imprisonment and probation for a petty offense, and therefore challenges the propriety of the sentence under the "split sentence" provision, the second paragraph of 18 U.S.C. § 3651. The Government asserts that the sentencing judge suspended imposition of sentence and placed defendant on probation with a special imprisonment condition, a procedure the Government argues is authorized by paragraph one of § 3651.

Both the defendant's and the Government's interpretation of the sentencing judge's intention finds some support in the record. The court's first reference to defendant's sentence was, "Well, I sentence Mr. Hooper to a split sentence, that is a term of four years probation. The first ninety days to be served in the Metropolitan Correctional Center. . . ." Then the sentencing judge further stated that, "The sentence will be 90 days in the Metropolitan Correctional Center followed by four years probation." As previously noted, the Judgment and Probation/Commitment Order, dated the same day as the sentencing, provides that imposition of sentence is to be suspended and defendant placed on probation for four years with a special condition that he serve 90 days in the Metro-

politan Correctional Center. In its Memorandum Opinion and Order denying defendant's Motion to Clarify Sentence, the court stated that, "The sentence, imposed for violation of 18 U.S.C. § 1701, is four years probation, a special condition of which is that the first ninety days must be served at the Metropolitan Correctional Center." The court went on to conclude, however, after citing the entire text of the split sentence provision of § 3651, that "The above language is clearly intended to set the outside limits of confinement when a split sentence is utilized in conjunction with more serious offenses. It does not necessarily follow that Congress intended to exclude the possibility of such a sentence when a lesser crime is involved. Indeed, defendant's interpretation of § 3651 leads to the undesirable result of 'all-or-nothing' sentencing in misdemeanor cases."

Considering all the references to sentencing by the district judge, we conclude that defendant was sentenced to a split sentence under paragraph two of § 3651, but in our opinion it is immaterial in the circumstances of this case what the judge's intention may have been or whether the defendant was sentenced under paragraph one or two of § 3651. We will first examine defendant's contention that the split sentence provision of § 3651 is not applicable to certain misdemeanor offenses which provide for a term of imprisonment of not more than six months.

The predecessor section to 18 U.S.C. § 3651, 18 U.S.C. § 724 (1940),[3] which al-

---

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

3. 18 U.S.C. § 724 provided:

The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner

lowed courts to suspend the imposition or execution of an entire sentence and place defendant on probation did not, however, specifically allow courts to incarcerate a defendant during a portion of his sentence and suspend execution of the remainder during which time defendant would be placed on probation. Section 724, now § 3651, was amended by Congress in 1958, and paragraph two, the "split sentencing" provision, was added. See note 2, *supra*. The purpose of the amendment was "to permit confinement in jail-type institutions or treatment institutions for a period not exceeding 6 months in connection with the grant of probation on a 1-count indictment." S.Rep.No.2135, 85th Cong., 2d Sess., reprinted in [1958] U.S. Code Cong. & Admin.News p. 3841. The Senate Judiciary Committee noted that in many instances " . . . Federal judges feel that it would be in the public interest for probation to be granted only after the defendant has served a part of a sentence . . . ." The Committee further acknowledged that "[i]n practice, Federal judges have long achieved this result where a defendant is convicted on 2 or more counts by sentencing the defendant to some confinement on 1 count and granting probation on another count." *Id.* Chief Judge John J. Parker of the Fourth Circuit testified before the House subcommittee of the Committee on the Judiciary that "this is really to take care of the situation where the judge thinks that the man ought to be admitted to probation, but that he ought to serve a little while in prison before he has the benefit of probation." S.Rep.No.2135, *supra,* at p. 3842. Circuit Judge Albert B. Maris of the Third Circuit commented at the same hearing: "You are faced today in the one-count indictment with either immediate probation—no imprisonment whatever—or a term of imprisonment without any probation in which case you have got to impose the full term and it must be served." *Id.*

■ The Government's view is that paragraph two of § 3651 does not necessarily preclude split-sentencing in cases having a maximum penalty of six months imprisonment. While this contention may have some support in the general purpose of the statute, we are nonetheless confronted with the literal language of that paragraph. The "split sentence" provision has a limitation as to the severity of crimes for which it may be utilized. A "split sentence" may be imposed only "if the maximum punishment provided for such offense is more than six months . . . ." Where a statute is not ambiguous, the best indication of legislative intent is the literal wording of the statute itself. *Busse v. C.I.R.,* 479 F.2d 1147 (7th Cir. 1973). See also *Hilliard v. United States,* 310 F.2d 631, 632 (6th Cir. 1962). In our view, this provision is not applicable, where as here the maximum imprisonment provided by the violated statute is limited to "not more than six months."

■ That conclusion does not render an absurd or irrational result. Distinctions between felony and minor misdemeanor offenses are not uncommon. See e. g., *Duncan v. Louisiana,* 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522 (1968). Different treatment based on this distinction has been upheld. See *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Although Congress recognized that split-sentencing could result in a benefit to both a defendant and society in serious cases, it was not necessary for Congress to have extended the provision to include minor misdemeanor offenses as well. *Cf. Geduldig v. Aiello,* 417 U.S. 484, 495, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974).

There remains the question of whether or not the split sentence imposed might survive when cast in different form, that is, by considering the imprisonment imposed to be a special condition of probation under the broad provision of paragraph one of § 3651, as urged by the Government. Relying upon *United States v. Nu-Triumph, Inc.,* 500 F.2d

---

aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years.

594 (9th Cir. 1974), the Government argues that the provisions of paragraph one of the section are so broad in nature that there is no limitation, except that the terms and conditions have a reasonable relationship to the treatment of the accused and the protection of the public. That was a rather unusual case in which a corporation was placed on probation. The case is of no help with our particular problem. The Government further argues, citing *Engle v. United States,* 332 F.2d 88 (6th Cir. 1964), *cert. denied,* 379 U.S. 903, 85 S.Ct. 192, 13 L.Ed.2d 176, that a wide range of special conditions have previously been sustained, including incarceration. That case, which unravels sentences of imprisonment and probation imposed in multiple counts, is not in point. Nor is *Petersen v. Dunbar,* 355 F.2d 800 (9th Cir. 1966), a habeas corpus case challenging the validity of a felony sentence imposed by a California state court following the provisions of the enabling state statute. More in point is our own case, *United States ex rel. Spellman v. Murphy,* 217 F.2d 247 (7th Cir. 1954), in which this court reluctantly approved the sentence imposed by the district court in a one count indictment which suspended execution of a prison sentence and placed the defendant on probation with a condition that defendant once each week surrender to the custody of the United States Marshal for 24 hours. This court referred to it as a "mixed sentence," but at that time the court did not have the guidance of § 3651 as it now reads.

The Government also cites *Frank v. United States,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) as indicating that the court's flexibility is not limited in fashioning sentences for petty offenses. In that case the defendant was charged with contempt of court, tried and convicted by the court without a jury and placed on probation for three years. The issue was whether a jury trial was required. The court held a jury trial was not required as the charge was considered a petty offense. The particular issue with which we are faced was not addressed as the district court had neither imposed a split sentence nor made confine-

ment a condition of probation. The court notes, however, as we do, that under § 3651 in "certain cases" probation may be imposed in addition to imprisonment. *Frank v. United States,* 395 U.S. at 150, 89 S.Ct. 1503.

■ In our opinion, it was not intended by the broad language in the first paragraph of § 3651 to abrogate the specific provision following in the second paragraph which limits the use of split sentences to the more serious offenses. The judge's intention in these circumstances to impose either a split sentence or imprisonment as a special condition of probation, therefore, becomes immaterial as neither is permissible. In spite of the limitation initially applying, imprisonment may, however, be imposed following a revocation of probation.

It is well settled that although a sentencing judge possesses broad discretion in deciding the severity of sentences, *United States v. Johnson,* 507 F.2d 826, 829 (7th Cir. 1974), *cert. denied,* 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 103, it is also well settled that a court's sentencing power is limited by statute. *Coleman v. United States,* 123 U.S.App.D.C. 103, 357 F.2d 563 (1965).

Included in the sentence of defendant was an additional recommendation that during his 90-day confinement, the defendant be permitted to leave confinement on a daily basis to continue in a drug counseling program. The record evidences the district judge's careful thought and consideration to fashioning a custom-made solution for the benefit of the defendant and society, but regrettably we are obliged to find that the sentence lacks statutory basis. If a combination sentence of imprisonment followed by probation is to be sanctioned in one count petty offense cases, the Congress will have to more clearly provide for it.

Accordingly, we vacate the sentence imposed and remand to the district court for resentencing.

Vacated and Remanded.