UNITED STATES of America,
Plaintiff–Appellee,

v.

Moses Clarence JACK,
Defendant–Appellant.

No. 88–2017.

United States Court of Appeals,
Tenth Circuit.

Feb. 28, 1989.

---

Ann Steinmetz, Asst. Federal Public Defender, D.N.M., Albuquerque, N.M., for defendant-appellant.

Presiliano Torrez, Asst. U.S. Atty., D.N.M., Albuquerque, N.M. (William L. Lutz, U.S. Atty. and Joe M. Romero, Jr., Asst. U.S. Atty., D.N.M., Albuquerque, N.M., on the brief), for plaintiff-appellee.

Before MOORE, EBEL, and BRIGHT,* Circuit Judges.

EBEL, Circuit Judge.

This case presents the issue of whether Appellant Moses Clarence Jack's sentence was an illegal split sentence under 18 U.S.C. § 3651. We hold that it was not.

Jack was indicted for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f). A jury convicted him of the lesser included offense of assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(d). The penalty for violation of section 113(d) is a "fine of not more than $500 or imprisonment for not more than six months, or both." The district court sentenced Jack to six months imprisonment, suspended the entire sentence, and imposed three years probation. As a condition of probation, the district court required that Jack "reside and participate in the programs at the La Pasada Halfway House in Albuquerque, New Mexico for a term of SIX (6) MONTHS." [1]

---

\* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The Judgment of the district court provided that "the defendant be committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of SIX (6) MONTHS. Execution of this sentence of imprisonment is suspended and

The district court imposed probation under 18 U.S.C. § 3651,[2] which, at the time of Jack's offense, provided:

> [Paragraph # 1] Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, *may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.*
>
> ....
>
> [Paragraph # 7] The court may require a person *as conditions of probation to reside in or participate in the program of a residential community treatment center, or both, for all or part of the period of probation....*

(Emphasis added.)

■ Jack contends that his probation was, in essence, a split sentence because it required first that he reside for six months at La Pasada Halfway House, and that he then continue with a period of probation thereafter. A split sentence is a sentence consisting of a combination of imprisonment and probation, and was expressly authorized by the second paragraph of section 3651.[3] Jack argues that because a split sentence could only be imposed when the offense is punishable by more than six months' imprisonment, and his offense was not punishable by more than six months' imprisonment, his sentence was illegal.

the defendant is placed on probation for a period of three years with the following terms and conditions: (1) That pursuant to Public Law 91–492, defendant reside and participate in the programs at La Pasada Halfway House in Albuquerque, New Mexico, for a term of six months...."

2. Section 3651 now has been repealed, effective November 1, 1987.

3. The second paragraph of section 3651 provided:

> [Paragraph # 2] Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, *if the maximum punishment provided for such offense is*

■ Jack is mistaken in characterizing his probation as a split sentence. After sentencing Jack to six months' imprisonment, the district court suspended the entire sentence and ordered only that Jack serve a three-year probation period, conditioned upon his residency for the first six months of his probation term at the La Pasada Halfway House. Pursuant to the first paragraph of section 3651, the district court had the discretion to suspend Jack's sentence and to impose three years of probation "upon such terms and conditions as the court deems best." The seventh paragraph of section 3651 expressly authorized the district court to require residency at a residential community treatment center as a condition of probation. Thus, the probation order of the district court was expressly authorized by section 3651.

■ Congress has broad power to define criminal offenses and to prescribe the punishments imposed upon violators. *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). Likewise, Congress has broad power to define probation and fix terms and conditions thereto. *Cf. Yates v. United States*, 308 F.2d 737, 739 (10th Cir.1962) (probation "may be coupled with such terms and conditions in respect to time as Congress may direct"). In enacting section 3651, Congress gave trial courts "wide latitude in establishing conditions for probation, and an order of a district judge providing for probation will be overturned only if it is an abuse of discretion." *United States v. Kahl*, 583 F.2d 1351, 1356 (5th Cir.1978).

*more than six months,* any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

(Emphasis added.)

Under those standards, we hold that the district court did not abuse its discretion in ordering Jack to reside at La Pasada for six months as a condition to his three year probation.

■ We find that Jack's residence at La Pasada as a condition of probation is not a split sentence under the second paragraph of section 3651. The second paragraph of section 3651, which dealt with split sentences, is inapplicable to Jack's probation because it applies only to situations where the underlying offense is punishable by more than six months' imprisonment, and Jack's underlying offense was not so punishable. The district court recognized that fact and made no attempt to sentence Jack under the second paragraph of section 3651. Instead, the district court imposed probation pursuant to Public Law 91–492, which, among other things, added the seventh, but not the second, paragraph to section 3651. We find nothing in the language or the legislative history of the second paragraph of section 3651 to preclude the imposition of a residency requirement at a residential community treatment center as a condition to probation whenever probation may be appropriate under the first paragraph of section 3651.

In arguing that he was given an illegal sentence, Jack relies primarily *United States v. Hooper*, 564 F.2d 217 (7th Cir. 1977). There, the sentencing court specifically said that it was sentencing the defendant to a split sentence, which consisted of 90 days in a "jail-type" institution and probation thereafter. *Id.* at 218. The Seventh Circuit held that the sentence was impermissible under the second paragraph of section 3651 because the underlying offense there was not punishable by more than six months' imprisonment. *Hooper* is distinguishable because the defendant there was sentenced to serve time in a "jail-type" institution rather than in a residential community treatment center. Only residency in a residential community treatment center is authorized as a condition to probation under the seventh paragraph of section 3651. Further, the district court in *Hooper* characterized the defendant's sentence as a split sentence, which must find authorization, if at all, under the second paragraph of section 3651. In contrast, the district court here did not purport to issue a split sentence; rather, the district court suspended the entire sentence and ordered only probation. The *Hooper* case does not address the statutory authority found in the seventh paragraph of section 3651. Thus, *Hooper* is inapposite to our situation.

■ Jack also appears to argue on appeal that La Pasada is not a residential community treatment center.[4] However, Jack did not raise that issue below, and, accordingly, we do not consider it on appeal. *See United States v. Richard*, 738 F.2d 1120, 1121 n. 2 (10th Cir.1984). We do note, however, that the district court implicitly characterized La Pasada as a residential community treatment center when it ordered Jack to reside there for six months as a condition to his parole, pursuant to Public Law 91–492. Jack points to nothing in the record that would call into doubt the classification of La Pasada Halfway House as a residential community treatment center.[5] To the contrary, Jack's letter of June 8, 1988, responding to the district court's request for comment on the appropriateness of the conditions of probation, stated, "The term 'facility' [in 18 U.S. C. § 4082] shall include a residential community treatment center (subsection (f)) such as La Pasada Halfway House in Albuquerque."

---

4. Appellant's position on appeal as to whether he is challenging the characterization of La Pasada Halfway House as a residential community treatment center is unclear. At page 9 of his brief, he asserts that La Pasada is not a residential treatment center, but at page 16 of his brief, he appears to concede that La Pasada is a residential community treatment center.

5. Appellant also raises a double jeopardy argument, asserting that six months' confinement at La Pasada, plus additional probation time, constitutes double punishment because the maximum punishment that his offense carries is six months' imprisonment. Because we find that the defendant was not punished more than the statute allows, we find no merit in that argument.

For the foregoing reasons, we AFFIRM the district court's probation order below.