UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard L. HUNT, Defendant–Appellant.

No. 90–1851

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1991.

Rehearing Denied Oct. 10, 1991.

James M. Murphy, Dallas, Tex., for defendant-appellant.

Delonia A. Watson, Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

CLARK, Chief Judge:

Appellant Richard Hunt (Hunt) was sentenced to serve concurrent five-year terms of probation. The district court later revoked Hunt's probation and imposed concurrent five-year prison terms. The district court denied Hunt's Rule 35 motion to correct an illegal sentence. Treating the Rule 35 motion as a motion under 28 U.S.C. § 2255, we allow the appeal but dismiss it as moot.

Hunt induced customers to believe that they would receive a credit card if they mailed an application and a $35 fee. Instead, they received a booklet instructing them how to achieve a good credit rating. Hunt was convicted of fourteen counts of mail fraud.

At the initial sentencing hearing, the district court expressed concern for the victims of the credit card scam. The court offered Hunt the chance for probation if he could submit an acceptable plan to pay restitution to his victims. At a second sentencing hearing on August 23, 1985, the district court accepted a plan submitted by Hunt and his co-defendants through counsel. As a condition to imposing concurrent five-year probation terms, the district court sentenced Hunt to pay restitution of $264,-126.00 in six installments. This court upheld Hunt's conviction on appeal. *See United States v. Hunt*, 794 F.2d 1095 (5th

Cir.1986). Hunt did not challenge the restitution aspect of his sentence on direct appeal.

In 1987, the district court held a full evidentiary hearing to consider whether to revoke Hunt's probation for failure to pay restitution as agreed. The court found that Hunt had not made a good-faith effort to fulfill his restitution obligations. The record shows that Hunt paid only $100.00 in restitution despite the fact that he controlled substantial wealth that made payment possible. In January 1988, the district court revoked Hunt's probation and sentenced him to concurrent five-year prison terms. The district court vacated the restitution aspect of the original sentence. This court affirmed the district court's revocation of Hunt's probation. *See United States v. Hunt*, 857 F.2d 1471 (5th Cir. 1988) (unpublished).

Hunt filed a *pro se* Rule 35 motion to correct an illegal sentence which the district court denied on April 28, 1989. Hunt filed a second *pro se* Rule 35 motion on July 18, 1990. The district court denied the motion on September 21, 1990. Hunt filed a *pro se* notice of appeal nineteen days later on October 10, 1990.

Hunt argues that the district court's initial probation sentence was illegal under *Hughey v. United States*, — U.S. —, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). *Hughey* held that a restitution award under the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. §§ 3579, 3580 (1982 Ed.) (renumbered §§ 3663, 3664 pursuant to Pub.L. 98–473, Title II, c. II, § 235, Oct. 12, 1984, 98 Stat. 2031), was limited to the losses caused by the specific conduct that is the basis of the offense of conviction. *Hughey*, 110 S.Ct. at 1982–1985.

The amount of the district court's restitution order included losses caused by conduct that was part of Hunt's mail fraud scheme, but that was not the basis of the offenses of conviction. The total losses sustained by victims of the offenses of conviction was $490.00. Hunt concludes that the district court's revocation of his probation was illegal because the terms of his probation were illegal.

■ The government initially argues that Hunt's notice of appeal is untimely under Fed.R.App.P. 4(b) because it was filed more than ten days after the district court denied Hunt's Rule 35 motion. Because Hunt was acting *pro se,* we elect to treat his Rule 35 motion as a motion to vacate a sentence "imposed in violation of the ... laws of the United States, or ... in excess of the maximum authorized by law" under 28 U.S.C. § 2255. *See United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir.1988). Treating it as such means that Hunt's notice of appeal was filed within the applicable sixty-day appeal period of Fed.R. App.P. 4(a). *See De Los Reyes*, 842 F.2d at 757.

■ Hunt agreed to pay the imposed amount of restitution in order to receive probation instead of a prison sentence. He did not appeal the district court's acceptance of his proffered plan. Moreover, he has not even paid restitution for the amount that he claims would have been legal under *Hughey.* At the time the district court sentenced Hunt, 18 U.S.C. § 3651 provided that, in the case of Hunt's crimes, a federal sentencing court could "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." The *Hughey* holding on which Hunt relies turned solely on the Supreme Court's interpretation of the VWPA's restitution provisions. The district court's imposition of restitution as a condition of probation was authorized under 18 U.S.C. § 3651 even though it may not have been authorized under the VWPA as interpreted by the Supreme Court in *Hughey.* Hunt's argument is meritless.

The initial probated sentence requiring restitution was vacated before Hunt paid any amount of restitution equal to the loss caused by his specific conduct that is the basis of the offense of conviction. Hunt's contention that the vacated order violated *Hughey* is moot.

The appeal is moot.

DISMISSED AS MOOT.