**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sharon Sue COOK, Defendant–Appellant.**

**No. 91–6068.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1991.

Timothy D. Leonard, U.S. Atty., and John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Sharon Sue Cook pled guilty to three counts of a forty-three count indictment that charged her with embezzling her deceased father-in-law's social security benefits between June 1986 and January 1990 in violation of 18 U.S.C. § 641 (1988). Pursuant to the plea agreement, the other forty counts were dismissed. The court sentenced Ms. Cook to three years probation on each count, the sentences to run concurrently, and ordered her to pay restitution to the United States in the amount of $23,208, the total amount of the forty-three embezzled checks.

Ms. Cook subsequently moved the district court to correct its sentence, arguing that under *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), she could only be required to make restitution for the three counts to which she pled guilty. In denying the motion, the district court held that the first count of the indictment embraced all forty-three counts and that ordering reparations for the full amount charged by the indictment was thus fully consistent with *Hughey*. We reverse.[1]

 We apply a de novo standard of review to questions of a sentence's legality. *United States v. Jalilian*, 896 F.2d 447, 448 (10th Cir.1990); *United States v. Teehee*, 893 F.2d 271, 273 (10th Cir.1990). If we conclude the sentence is legal, we review conditions of probation for an abuse of discretion. *Jalilian*, 896 F.2d at 448 (court abused discretion by deporting defendant as a condition of probation because it lacked the statutory authority to do so). Ms. Cook argues that the district court's

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

1. The parties agreed to submit this case on the briefs. After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**1264**

restitution order is not statutorily permissible.

We must first determine under which statute restitution was awarded. Restitution for offenses committed prior to November 1, 1987 could have been awarded under two different statutory regimes. In addition to the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663 (1988) (formerly 18 U.S.C. § 3579 (1982)), the Federal Probation Act (FPA), 18 U.S.C. § 3651 (1982) (repealed effective November 1, 1987), permitted courts to order restitution as a special condition of probation. Although the district court never specified the statutory basis for its order of restitution, the court's form for a petition to enter a plea of guilty reflects its awareness of the two possible sources of statutory authority for such an order: "Do you realize that if you plead GUILTY the judge may require you to make restitution to any victim of the offense (18 U.S.C. §§ 3579, 3663, and 3671 [sic])." [2] Rec., vol. I, doc. 9 at 4.

In cases like Ms. Cook's, where both statutes authorize restitution, district courts should specify whether the FPA or VWPA governs. As a matter of course, however, "unless a clear intention appears to the contrary, we will assume restitution orders are made pursuant to the broader provisions of the VWPA." *United States v. Padgett*, 892 F.2d 445, 448 (6th Cir.1989); *see United States v. Kress*, 944 F.2d 155, 158 (3d Cir.1991), *petition for cert. filed*, 60 U.S.L.W. 3420 (U.S. Nov. 25, 1991) (No. 91–837). This principle makes particular sense here, where only one of the counts to which Ms. Cook pled guilty took place prior to the repeal date of the FPA. Neither party suggests that the FPA governs this case, and the sentencing court never discussed it. As a result, unless the VWPA authorizes the award of restitution in this case, we must reverse.

In *Hughey*, the Supreme Court held "that the language and structure of the [VWPA] make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." 110 S.Ct. at 1981. Ms. Cook may therefore only be ordered to make restitution for the loss connected to the three counts to which she pled guilty.[3] Nevertheless, the district court ordered restitution for the full amount of loss charged by the indictment. Although the court apparently agreed with Ms. Cook that *Hughey* limited its authority to award restitution, it denied her motion to correct her sentence because of its reading of the indictment. *See* Rec., vol. I, doc. 21. The court concluded that by pleading guilty to count I of the indictment, Ms. Cook effectively pled guilty to all of the other counts. In support of its construction, the court quoted the indictment, Count I ¶ 1:

" '[I]n each of Counts I through XXXXIII, ... [the defendant] herein, did unlawfully ... convert to her own use ... Social Security benefits ... *as listed more specifically below in Counts I through XXXXIII and each of a value greater than $100.00.*' "

---

**2.** The reference to 18 U.S.C. § 3671 appears to be an error. That section is entitled "[v]essels carrying explosives." The form properly should have referenced the FPA, 18 U.S.C. § 3651.

**3.** Even were we to conclude that the district court had ordered restitution under the FPA, we would apply *Hughey*'s limitation to restitution awards under that statute and reach the same result. The FPA's provision for restitution is more specifically tied to the offense of conviction than the language of the VWPA. The FPA provides that "the defendant— ... May be required to make restitution or reparation to the aggrieved parties for actual damages or loss *caused by the offense for which conviction was had.*" 18 U.S.C. § 3651 (emphasis added). Prior to *Hughey*, this language led several circuits to conclude that restitution as a condition of probation could only be ordered for the amount of the loss occasioned by the offense for which the defendant was convicted. *See United States v. Black*, 767 F.2d 1334, 1343–44 (9th Cir.) *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985); *United States v. Missouri Valley Constr. Co.*, 741 F.2d 1542, 1547 (8th Cir.1984); *United States v. Johnson*, 700 F.2d 699, 701 (11th Cir.1983). After *Hughey*, any other conclusion seems unsupportable. *But see, United States v. Hunt*, 940 F.2d 130, 131 (5th Cir.1991); *United States v. Duvall*, 926 F.2d 875, 876–77 (9th Cir. 1991). As a result of *Hughey*, we believe that *United States v. Vance*, 868 F.2d 1167, 1170 (10th Cir.1989), no longer controls restitution orders under the FPA.

*Id.* This language is immediately followed in the indictment by forty-three separately numbered and dated counts, specifying each of the checks Ms. Cook was charged with wrongfully converting. Rec., vol. I, doc. 9/18/90.

The district court's reading of the indictment is countertextual. The circumstances leading to Ms. Cook's plea suggest that the quoted language is introductory, and that the more specific counts of the indictment should be controlling for sentencing purposes. Ms. Cook initially pled not guilty to all of the indictment, and changed her plea to guilty on three counts in exchange for dismissal of the other forty counts. The district court's construction renders meaningless the dismissal of the other counts.

Moreover, the plea agreement and the comments made by the district court and Assistant United States Attorney Green at the guilty plea hearing further indicate that the more specific counts comprise the substance of the indictment, and that the language the district court relied on was merely introductory. The plea agreement, which is simply one paragraph incorporated in the petition to enter a plea of guilty, states:

> "In exchange for a plea of guilty to Counts 1, 25 and 37, the government will dismiss the remaining counts at sentencing. I will not be prosecuted for any other offenses arising out of this investigation. The government will make no recommendation as to the sentence to be imposed."

Rec., vol. I, doc. 9 at 6. The district court commented at the guilty plea hearing that the amount of $23,208 "encompass[es] *the total loss,* not just for the three counts that we're discussing for the purpose of the guilty plea." [4] Rec., supp. vol. II, 4–5 (emphasis added). At the same hearing, the district court wondered aloud about the means by which the plea agreement was reached:

> "THE COURT: I'm asking this question more out of curiosity than for any

legalistic reason. *How in the world did Counts One, 25 and 37 come to be selected out of the 43 counts?* Dart board, coin toss?"

> "MR. GREEN: Well, it was more of *a time span.*"

> "THE COURT: In other words, *one* at the beginning and *one* sort of in the middle and *one* towards the end of the transactions?"

*Id.* at 17–18 (emphasis added).

■ We review the district court's construction of the underlying plea agreement under a clearly erroneous standard. *United States v. Chavez,* 862 F.2d 1436, 1438 (10th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2451, 104 L.Ed.2d 1006 (1989); *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). It is abundantly clear that Ms. Cook pled guilty to only three of the forty-three listed transactions. While the introductory paragraph of the indictment is unfortunately labelled "Count I," there is a separate "Count I" which refers to the specific date of June 3, 1986, and the amount of $510. Rec., vol. I, doc. 9/18/90. This "Count I" is in the same form as each of the other forty-two counts, indicating that it is to this "Count I" that Ms. Cook pled guilty. *See id.* Nothing suggests that in pleading guilty to three counts she intended to plead guilty to the whole of the indictment. The district court's construction of the plea agreement is clearly erroneous, and we do not follow it here.

Under the VWPA, as interpreted in *Hughey,* the district court may only order restitution for the charges of which Ms. Cook was convicted. *United States v. Novey,* 922 F.2d 624, 629 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). Here, those three charges, dated June 3, 1986, June 3, 1988, and July 3, 1989, resulted in a loss totaling $1585. *See* Rec., vol. I, doc 9/18/90. The district court's order of restitution in the amount of $23,208 exceeds its statutory

---

**4.** The total loss attributable to the three specific counts was $1585. *See* Rec., vol. I, doc. 9/18/90.

authority and is therefore an abuse of discretion. *Compare Jalilian,* 896 F.2d at 448-49 *with United States v. Jack,* 868 F.2d 1186, 1188-89 (10th Cir.) (probation order of district court expressly authorized by FPA), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3171, 104 L.Ed.2d 1032 (1989).

As a result, we VACATE the district court's order of restitution and REMAND for resentencing in accordance with this opinion.