996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danilo Abud SANCHEZ, Defendant-Appellant.
 No. 92-2292.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 Dr. Danilo Abud Sanchez was indicted on various charges involving Medicare and Medicaid fraud. He agreed to plead guilty to one count of violating 18 U.S.C. § 287 in return for dismissal of the remaining counts against him. He was sentenced to a term of four months incarceration, followed by four months of community confinement. The court ordered restitution in the amount of $100,000, imposed a fine of $2,000, and ordered the defendant to pay the costs of his confinement and supervised release.
 
 
 2
 The defendant appealed his sentence to this court. We found that there was sufficient evidence of planning to justify an increase under U.S.S.G. § 2F1.1(b)(2), but remanded for further findings regarding the amount of loss. United States v. Abud-Sanchez, 973 F.2d 835 (10th Cir.1992). Upon resentencing, the court imposed a sentence of probation of five years with special conditions, and ordered the defendant to pay a fine of $2,000, the costs of his confinement and supervised release, and restitution in the amount of $100,000.
 
 
 3
 The defendant contests the amount of the restitution order. Upon resentencing, the district court found that "[p]ursuant to the Victim and Witness Protection Act it is further ordered that the defendant shall make restitution in the amount of $100,000." Judgment and Commitment/Resentencing, Applt. Apx. at 26. Under Hughey v. United States, 495 U.S. 411 (1990) and United States v. Cook, 952 F.2d 1262 (10th Cir.1991), the district court may only order restitution under the Victim Witness Protection Act ("VWPA"); 18 U.S.C. § 3663 (1988), for the charges of which the defendant was convicted. The defendant notes that the district court found a loss of only $2,000 on the charge to which he plead guilty and argues that the restitution award should be limited accordingly. Judgment and Commitment/Resentencing, Applt.Apx. at 23.
 
 
 4
 We addressed this issue in the defendant's prior appeal.
 
 
 5
 We note that because the settlement figure admittedly represents more than the loss caused by the offense of conviction, it is not consistent with the strictures of the VWPA. See United States v. Cook, 952 F.2d 1262, 1264 (10th Cir.1991) (VWPA only authorizes restitution for loss caused by offense of conviction). Of course, the defendant may agree to pay restitution in any amount he chooses.
 
 
 6
 United States v. Abud-Sanchez, 973 F.2d 835, 839 (10th Cir.1992) (emphasis added). We had previously found, in the course of the defendant's first appeal to this court, that "[t]he plea agreement entered into by Dr. Abud-Sanchez and the government provided that he would pay $100,000 to the government 'in satisfaction of all civil claims' for the relevant period." United States v. Abud-Sanchez, 973 F.2d 835, 837 (10th Cir.1992).
 
 
 7
 We agree that the district court was not authorized, under the VWPA, to order restitution in excess of the loss caused by the offense of which the defendant was convicted, which the district court found to be $2,000. However, because the defendant agreed to pay $100,000 in restitution as part of his plea arrangement, the district court properly ordered this payment.[1]
 
 
 8
 Accordingly, the defendant's sentence is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that we are authorized to affirm the order of the district court on any ground that finds support in the record. See Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 880 (10th Cir.1984)