53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marc Jason HAMMOND, Defendant-Appellant.
 No. 94-1446.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Mark Jason Hammond appeals a sentence of probation and restitution imposed by the district court after he pleaded guilty to one count of uttering a counterfeit security under 18 U.S.C. 513. We vacate the sentence and remand for resentencing consistent with this order.
 
 FACTS
 
 3
 Mark Jason Hammond is a college student who was arrested after he attempted to use a counterfeit American Express traveler's check to pay for merchandise in an Englewood, Colorado, store. In addition to the $100 check used in the attempted purchase, numerous other counterfeit traveler's checks were found in his possession along with receipts for purchases made with other such checks. According to the probation department's sentencing recommendation, the total loss from Mr. Hammond's offenses amounted to $10,400. Appellee Attach. A.
 
 
 4
 Mr. Hammond was indicted on two counts under 18 U.S.C. 513. Count I was based on the offense in the store. Count II was based on evidence from the subsequent investigation. Pursuant to a plea agreement, Mr. Hammond pleaded guilty to Count I and the government dismissed Count II.
 
 
 5
 At sentencing, the district court found a total offense level of nine and a criminal history category level III, departed downward to criminal history category I, and calculated an imprisonment range of four to ten months. However, concluding under U.S.S.G. 5B1.1(a) that probation and restitution would be preferable to imprisonment, the court sentenced Mr. Hammond to five years' probation and payment of $10,400 in restitution, payable in installments of not less than $174 per month during the term of the probation. Special conditions of the probation included 39 consecutive weekends in prison, Friday evening through Sunday evening, to begin no later than September 26, 1994. In conjunction with the three days of presentence confinement that Mr. Hammond had already served, the 39 weekends totaled four months of confinement, the minimum allowable under U.S.S.G. 5B1.1(a)(2).
 
 DISCUSSION
 
 6
 Mr. Hammond argues first that he is paying too much restitution. The only offense for which Mr. Hammond was convicted was the utterance of a $100 counterfeit check. Thus, he contends, $100 is the most the district court could have ordered him to pay. The government agrees with Mr. Hammond, noting that the Supreme Court has limited restitution to losses arising out of the offense of conviction. Hughey v. United States, 495 U.S. 411, 421-422 (1990); United States v. Cook, 952 F.2d 1262, 1265-66 (10th Cir.1991); United States v. Sapp, Nos. 94-3077, 94-3078, and 94-3079, 1995 WL 229576, at * 4 (10th Cir. April 18, 1995). We agree with the parties. It is clear that the district court erred in determining the amount of restitution that Mr. Hammond must pay.
 
 
 7
 The parties differ only on what should happen now. The government requests remand for resentencing. Mr. Hammond contends that resentencing would violate double jeopardy and offend the "expectation of finality" he has in his present sentence. See United States v. DiFrancesco, 449 U.S. 117, 139 (1980).
 
 
 8
 However, as DiFrancesco itself illustrates, the Double Jeopardy clause does not cast a blanket prohibition over resentencing after appeal, even when the sentence is increased. Id. Our own cases demonstrate that that there is no legitimate expectation of finality in an unlawful sentence, even after the defendant has begun to serve it. United States v. Jackson, 903 F.2d 1313, 1315-16 (10th Cir.), reh'g en banc granted on other grounds, 921 F.2d 985 (1990); United States v. Welch, 928 F.2d 915, 917 (10th Cir.), cert. denied, 502 U.S. 850 (1991). Thus, there is no double jeopardy bar to resentencing Mr. Hammond.
 
 
 9
 Mr. Hammond also makes two predictions: that an increased period of confinement will be imposed at resentencing, and that he will not be resentenced until after he has served his current term of confinement. He contends that the occurrence of either event will violate double jeopardy. However, we cannot reach the merits of Mr. Hammond's argument. Neither event has occurred, nor may it ever occur. Thus, issues arising therefrom are not ripe for adjudication. See United States v. Koonce, 885 F.2d 720, 722 (10th Cir.1989) (declining to review constitutionality of punishment before any sentence had been imposed).
 
 
 10
 The restitution ordered in this case was excessive. Accordingly, we REMAND and instruct the district court to vacate the sentence and resentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)