# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

Lyle W. Cayce
Clerk

No. 12-41070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAN JUANA AIDEE LOPEZ, also known as San Juana Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-112-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

San Juana Aidee Lopez appeals from her conviction of mail fraud. She challenges only the restitution component of her sentence. She challenges the inclusion of a $20,474.20 amount of loss that resulted from a scheme other than the scheme for which she was convicted. The Government concedes error as to that amount. She challenges the inclusion of a $11,006.14 amount of loss resulting from the scheme for which she was convicted, arguing that the finding by the Texas Commissioner of Insurance of $29,006.14 of loss was erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because only an amount of slightly more than $18,000 of that loss was claimed by the defrauded company in a declaration of victim losses. Lopez finally argues that the district court failed to take into account her ability to make payments when it imposed a monthly payment schedule for her to follow when she is released from prison.

As to the $20,474.20 in loss attributable to the scheme to defraud Care Improvement Plus, we find that the district court committed reversible plain error. The scheme was set out in two counts of the indictment to which Lopez did not plead guilty, and the indictment sets out two discrete, temporally separate schemes to defraud. *See United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012), *petition for cert. filed* (Apr. 30, 2012) (No. 12-1312); *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005). As to the $20,474.20, the judgment is vacated and remanded for the district court to issue a new restitution order.

The inclusion of $11,006.14 found to have been paid by United Funeral Directors Life Insurance Company (United Funeral) towards the total $29,006.14 attributable to the scheme to defraud United Funeral was argued and decided by the district court in conjunction with the calculation of the amount of loss for the establishment of Lopez's sentencing offense level. We review Lopez's contention under the clear error standard. *See United States v. Tedder*, 81 F.3d 549, 550 (5th Cir. 1996). "Factual findings are not clearly erroneous if they are plausible in light of the record read as a whole." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). A finding "is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (internal question marks and citation omitted).

The Chief Executive Officer of United Funeral swore in a declaration of losses dated after the issuance of the 2011 decision of the Texas Commissioner of Insurance that United Funeral's specific losses were $18,316.34, and that Juan Garza had repaid the company that amount. Garza's own declaration of

losses listed the same amount.  The decision of the Commissioner of Insurance on which the district court based the loss amount as to the United Funeral scheme is not included in the record.  We hold that the $11,006.14 figure in losses to be paid to United Funeral is clearly erroneous, and we remand for redetermination of the amount, if any, payable to United Funeral, "based upon the evidence in the record." *United States v. Arledge*, 553 F.3d 881, 899 (5th Cir. 2008).

Moreover, an apparent mathematical error in the amount paid by United Funeral to reimburse policy holders, however, makes it unclear exactly how much restitution may be owed to the company.  If the total amount of loss from the United Funeral scheme is $29,006.14, and the amount due to Juan Garza is $18,316.34, then the amount owed to United Funeral would be $10,689.80.  If, however, the amount owed by Garza is $18,316.34, and the amount owed to United Funeral is $11,006.14, then the total loss attributable to the United Funeral scheme was $29,322.48.  Should the district court find that any restitution is owed to United Funeral, the district court should make a new mathematical calculation as to the amount.

Because the district court must enter a new restitution order, the issue whether the district court erred when ordering a schedule as to the vacated amount of restitution is moot.  *See United States v. Hunt,* 940 F.2d 130, 131-32 (5th Cir. 1991).  As to that issue, the appeal is dismissed.

VACATED AND REMANDED IN PART; APPEAL DISMISSED IN PART.