UNITED STATES of America,

v.

Craig Clark WIRSING.

CR–R–86–28–ECR.

United States District Court,
D. Nevada.

June 12, 1987.

L. Anthony White, Asst. U.S. Atty., Reno, Nev., for plaintiff.

N. Patrick Flanagan, III, Asst. Federal Public Defender, Reno, Nev., for defendant.

EDWARD C. REED, JR., Chief Judge.

Craig Wirsing has been convicted of conspiracy to possess with intent to distribute marijuana (21 U.S.C. §§ 846 and 841(a)(1)) and interstate travel in aid of racketeering (18 U.S.C. § 1952(a)). He awaits sentencing.

In a notice filed January 9, 1987, (docket # 71) the Government indicated its intention to use a prior felony conviction to enhance any sentence received by Wirsing for a violation of 21 U.S.C. § 841(a)(1). *See* 21 U.S.C. § 841(b) (The sentencing scheme for drug offenses under 21 U.S.C. § 841(a) includes enhanced penalties for repeat offenders.). Wirsing challenges the sufficiency of the Government's January 9 notice under 21 U.S.C. § 851, which is the provision requiring certain notice before a person convicted of a drug offense under Title 21, Chapter 13, Subchapter I, Part D, may be sentenced to increased punishment by reason of one or more prior convictions.

21 U.S.C. § 851(a)(1) provides in relevant part:

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The Notice and Information of Prior Felony Conviction of Defendant Wirsing and Notice of Government's Intent to Enhance Sentence, filed by the Government on January 9, 1987, (docket # 71) read as follows:

COMES NOW the United States of America, by and through the Office of the United States Attorney, WILLIAM A. MADDOX and L. ANTHONY WHITE, Assistant United States Attorney, and respectfully notifies this Court and defendant herein, CRAIG CLARK WIRSING of the existence of a prior felony conviction cognizable under Title 21, United States Code, and the Government's intention to use said conviction to enhance any Title 21, United States Code, Section 841(a)(1) conviction from the proceedings herein.

The Government's January 9, 1987, notice did not state in writing the previous convictions to be relied upon. It only notified Wirsing that there existed "a prior felony conviction cognizable under Title 21, United States Code...." Such notice was not sufficient under the plain language of 21 U.S.C. § 851(a)(1). Wirsing has raised the issue of the insufficiency of the Government's January 9 notice in a timely manner.

In view of the insufficiency of the content of the Government's January 9 notice, the Court need not reach the other issues raised by Wirsing's challenge of that notice.

Because the Government's Notice and Information of Prior Felony Conviction of Defendant Wirsing and Notice of Government's Intent to Enhance Sentence (docket # 71), filed January 8, 1987, is insufficient under the plain language of 21 U.S.C. § 851(a)(1),

IT IS HEREBY ORDERED that Craig Clark Wirsing shall not be sentenced in this case to increased punishment by reason of one or more prior convictions.