955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Thomas Lynn SURBER, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lynn SURBER, Defendant-Appellant.
 Nos. 91-5627, 91-5631.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Feb. 14, 1992.
 
 Appeals from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-87-85-A)
 Julie Marie Campbell, Assistant United States Attorney, Abingdon, Va., for appellant.
 Donald Victor Morano, Chicago, Ill., for appellee.
 On Brief: Jerry W. Kilgore, Assistant United States Attorney, Abingdon, Va., for appellant.
 W.D.Va.
 VACATED AND REMANDED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Lynn Surber and the United States appeal from a sentence of imprisonment that was imposed on Surber on December 11, 1990. We vacate the judgment and remand the case to the district court for resentencing.
 
 
 2
 On November 18, 1987, Surber was convicted in federal district court of conspiracy to possess with intent to distribute or to distribute more than five kilograms of cocaine, illegal use of the telephone, and interstate travel in aid of racketeering enterprises. Prior to trial, the government filed a timely notice stating its intent to seek an enhanced criminal penalty against Surber based on a prior felony drug conviction. On January 28, 1988, Surber was sentenced to a mandatory twenty year term of imprisonment, without eligibility for parole, pursuant to § 1002 of the Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (1988) ("ADAA"). The twenty year term was an enhanced sentence based on Surber's status as a convicted drug felon. This court affirmed the conviction and sentence, and the Supreme Court denied certiorari.
 
 
 3
 Surber then filed a motion to set aside the sentence pursuant to 28 U.S.C. § 2255. Surber raised three arguments: the ADAA did not apply; the government failed to provide proper notice of its intent to seek an enhanced sentence; and defendant was denied effective assistance of counsel. The district court granted the petition on the first ground, finding that the ADAA was not in effect at the time the crimes were committed. The court set aside the original sentence, and ordered resentencing before the trial judge. The court deferred decision on the second ground until resentencing, and rejected the third ground.
 
 
 4
 On December 11, 1990, Surber was resentenced to a fourteen year imprisonment term. The sentencing judge found Surber's argument concerning enhancement moot on the grounds that the ADAA was inapplicable.
 
 
 5
 The government appeals from the decision that the ADAA is inapplicable. Surber argues that even if the ADAA applies enhancement is improper, and that he was denied effective assistance of counsel.
 
 DISCUSSION
 1. Government's Appeal
 
 6
 Section 1002 of the ADAA provides that in cases involving five or more kilograms of cocaine, the court shall sentence the defendant to imprisonment for a mandatory minimum term of ten years. 21 U.S.C. § 841(b)(1)(A). If the defendant has a prior felony drug conviction, the mandatory minimum sentence is twenty years. Id. In GozlonPeretz v. United States, 111 S.Ct. 840 (1991), the Supreme Court held unequivocally that the ADAA became effective on the date of enactment, October 27, 1986. Id. at 846-48. Gozlon-Peretz is dispositive.
 
 
 7
 Because Surber was not resentenced according to the ADAA, the sentence must be vacated.[1] We now turn to arguments raised by Surber.
 
 2. Surber's Response and Appeal
 A. Enhancement
 
 8
 Surber argues the original sentence was properly set aside in that the government failed to give adequate notice of its intent to seek an enhanced sentence. In addition, Surber claims the district judge failed to ask the defendant at sentencing whether he affirmed or denied the prior conviction which was the basis of the enhanced sentence.
 
 21 U.S.C. § 851 provides, in part:
 
 9
 (a) ... (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial ... the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon....
 
 
 10
 (b) ... If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information....
 
 
 11
 21 U.S.C. § 851(a)-(b) (1988) (emphasis added).
 
 
 12
 The requirement that the government give notice prior to trial of its intent to seek an enhanced sentence is mandatory. See United States v. Williams, 899 F.2d 1526, 1529 (6th Cir.1990) (government failed to give notice of enhanced sentence; remanded for resentencing); United States v. Olson, 716 F.2d 850, 853-54 (11th Cir.1983) (no notice of enhancement filed; harmless error rule not applicable; remanded for sentence reduction); United States v. Noland, 495 F.2d 529, 532 (5th Cir.1974) (notice of enhancement filed one day after sentencing does not comply with statute; sentence reduced), cert. denied, 419 U.S. 966 (1974); United States v. Carvajal-Minota, 706 F.Supp. 726, 728 (N.D.Cal.1989) (court lacks jurisdiction to enhance sentence when information noticing enhancement filed prior to trial was not served on defendant). One court has held that an information which fails to specify the previous conviction to be relied upon is defective, and cannot serve as the basis for an enhanced sentence. United States v. Wirsing, 662 F.Supp. 199, 200 (D.Nev.1987).
 
 
 13
 The government argues that Surber's collateral challenge to the enhanced sentence is precluded based on United States v. Frady, 456 U.S. 152, 167-68 (1982), unless Surber demonstrates actual prejudice and cause for failing to raise the error in his direct appeal. See id. at 168. Surber claims the error is jurisdictional; therefore, Frady does not apply.
 
 
 14
 At least one court has stated in dicta that Frady may not apply "where a court acts without authority, as opposed to erring within the range of its authority." Hardy v. United States, 691 F.2d 39, 41 (1st Cir.1982). Had the government completely failed to provide notice of enhancement, we might be inclined to find that the court acted without authority. This is not the case, however.
 
 
 15
 Here, the government's notice was timely filed. Although it was defective in that it failed to specify the prior conviction to be relied upon, it was nevertheless before the sentencing court. Surber could have objected to its contents and corrections could have been made. We cannot say, therefore, that the district court acted without authority when it imposed an enhanced sentence based on the defective notice. As a result, Surber is required to meet the Frady standard before the merits of his claim may be addressed. He has not fulfilled this burden. Accordingly, based on Frady, Surber is precluded from challenging the enhanced sentence.
 
 B. Ineffective Assistance of Counsel
 
 16
 Surber also argues that he was denied effective assistance of counsel because his attorney failed to raise the government's allegedly outrageous conduct in a motion to dismiss or on appeal. On this basis, Surber claims he is entitled to a new trial and other remedies.
 
 
 17
 To establish ineffective assistance of counsel, the defendant must demonstrate that the representation fell below objective standards of reasonableness, and that he or she was actually prejudiced due to ineffectiveness. Strickland v. Washington, 466 U.S. 668, 689-92 (1984).
 
 
 18
 The Supreme Court and several circuit courts have recognized that there may be situations when the conduct of law enforcement agents is so outrageous that due process principles would bar the government from prosecution. United States v. Russell, 411 U.S. 423, 431-32 (1973) (possible that conduct of law enforcement agents may be so outrageous as to bar prosecution; conduct not outrageous in this case);[2] United States v. Bogart, 783 F.2d 1428, 1433-34 (9th Cir.1986) (government conduct outrageous when it involves physical coercion or where police fabricate crime to secure conviction; remanded for factual findings), vacated on other grounds, United States v. Wingender, 790 F.2d 802 (1986); United States v. Twigg, 588 F.2d 373, 380-81 (3d Cir.1978) (government informant suggested establishment of drug laboratory, bought supplies, operated laboratory; judgment reversed based on outrageous conduct defense). The record in this case is insufficient for Surber to establish the outrageous conduct defense.[3] Accordingly, since Surber would not succeed with the outrageous conduct defense, he cannot demonstrate that he suffered actual prejudice, and his claim for ineffective assistance of counsel fails.
 
 CONCLUSION
 
 19
 The sentence of December 11, 1990 is vacated. This matter is remanded for resentencing. At that time the district court may make appropriate inquiries regarding prior convictions.
 
 
 20
 VACATED AND REMANDED.
 
 
 
 [1]
 Surber's argument that the pertinent provisions of the ADAA provide for either imprisonment or a fine is without merit. By its terms, the statute permits imposition of a term of imprisonment and a fine. 21 U.S.C. § 841(b)(1)(A) [final paragraph]
 
 
 [2]
 In Hampton v. United States, 425 U.S. 484 (1976), the Supreme Court indicated that it might limit its decision in Russell, stating that a defendant's remedies in the event of unlawful police conduct lie with the entrapment defense and police prosecution under applicable state and federal law. Id. at 490
 
 
 [3]
 Surber did not pursue the handling of the enhancement issue as evidence of ineffective assistance of counsel in his briefs on appeal