USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1353 HENRY L. TORRES, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ___________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ___________________ Henry L. Torres on brief pro se. _______________ Edwin J. Gale, United States Attorney, and Kenneth P. ______________ ___________ Madden, Assistant United States Attorney, on brief for Appellee. ______ __________________ November 30, 1993 __________________ Per Curiam. Pro se inmate Henry Torres appeals ___________ ___ __ from a district court judgment that denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. We affirm. I. The relevant facts are not in dispute. On May 23, 1989, Torres and six codefendants were indicted on two counts of possession with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B), and conspiracy to distribute and possess with intent to distribute the said heroin in violation of 21 U.S.C. 846. On October 4, 1989, Torres pled guilty to the possession with intent to distribute charge pursuant to a plea agreement with the government. That offense was punishable by a mandatory minimum of five years' imprisonment and at least four years of supervised release if the crime did not result in death or serious bodily injury and the offender had no prior convictions for violations of 841(a) or for other felonies relating to narcotic drugs. However, if the offender had such a prior conviction, the offense was punishable by an enhanced mandatory minimum of ten years' imprisonment and at least eight years of supervised release, assuming neither death nor serious bodily injury resulted from the offense.1 ____________________ 1. 21 U.S.C. 841(b)(1)(B) provides, in relevant part, that a person convicted of an offense involving 100 grams or more of a substance containing heroin: -2- The record indicates that, in return for Torres' guilty plea on count one, the government agreed to dismiss count two and to recommend that Torres receive ten years' imprisonment.2 On December 7, 1989, the district court sentenced Torres to the enhanced mandatory minimum of ten years' imprisonment and eight years of supervised release. The enhancement was based on Torres' prior Rhode Island state conviction for possession of cocaine. The conspiracy charge was dismissed on the government's motion. Although Torres appealed his sentence, that appeal was subsequently dismissed for lack of prosecution. On December 24, 1992, Torres filed the 28 U.S.C. 2255 motion that is the subject of this appeal. That motion, ____________________ ... shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ... If any person commits such a violation after one or more prior convictions for an offense punishable under this paragraph or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs ... have become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment ... Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. 2. The government further agreed to make no recommendation as to an appropriate fine or supervised release term. -3- which was supported by a memorandum, attacked Torres' sentence on three grounds. First, Torres alleged that state convictions could not support a sentence enhancement under 21 U.S.C. 841(b). In support of this assertion, Torres cited United States v. Johnson, 506 F.2d 305 (7th Cir. 1974), cert. _____________ _______ _____ denied, 420 U.S. 1005 (1975), a case which held that the ______ double penalty provisions of 21 U.S.C. 841(b)(1)(A) could only be applied if a prior conviction had been obtained under federal law. See 506 F.2d at 307. In connection with this ___ first point, Torres also contended that his prior conviction for simple possession of cocaine was the equivalent of a violation of 21 U.S.C. 844, which describes the federal penalties for simple possession of controlled substances. Torres asserted that no federal law allowed violations of 21 U.S.C. 844 to be used as a basis for invoking the double penalties prescribed in 21 U.S.C. 841, therefore, Torres' prior conviction, treated as a violation of 21 U.S.C. 844, could not support his enhanced sentence. Torres' second ground for 2255 relief alleged that the government failed to file an information notifying Torres of its intent to seek to enhance his sentence based on his prior conviction, as required by 21 U.S.C. 851(a)(1).3 Third, ____________________ 3. 28 U.S.C. 851(a)(1) provides, in relevant part, that: No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior -4- Torres argued that the probation officer engaged in improper double counting in computing Torres' criminal history under the United States Sentencing Guidelines (U.S.S.G., Nov. 1989). Torres specifically complained that points were improperly added under 4A1.1(c) and 4A1.1(d). Marshalling these claims, Torres asked the district court to reduce his enhanced sentence to seventy months' imprisonment and four years of supervised release. The government filed an objection to Torres' 28 U.S.C. 2255 motion and a supporting memorandum which is not in the record before us. On February 19, 1993, the district court issued an order denying relief. The court specifically found that the government had filed and served the requisite 21 _________ U.S.C. 851(a)(1) information, that 21 U.S.C. 841(b)(1)(B) expressly authorizes sentence enhancements based on prior state convictions, and that Torres' objection to the calculation of his criminal history category was meritless since U.S.S.G. 5G1.1(b) required that Torres be sentenced to the mandatory statutory minimum prison and supervised release ____________________ convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.... -5- terms, thus rendering his criminal history score irrelevant.4 Judgment entered for the government on February 22, 1993. The record indicates that Torres filed a reply to the government's objection to his 2255 motion which set forth additional arguments in favor of Torres' request for resentencing. Specifically, Torres alleged that the "Information" which the government purportedly filed under 21 U.S.C. 851 in fact had been filed in response to the defendants' discovery requests, had no nexus with that information required by 21 U.S.C. 851, and was fatally defective under United States v. Wirsing, 662 F. Supp. 199, ______________ _______ 200 (D. Nev. 1987), because it did not mention that the government intended to seek an enhanced sentence.5 Torres' certificate of service indicates that he mailed this reply on ____________________ 4. U.S.S.G 5G1.1(b) provides that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." 5. Torres also alleged that he had received ineffective assistance of counsel since his attorney had allowed his direct appeal of his sentence to be dismissed for lack of prosecution and failed to file an Anders brief. This claim ______ was not properly before the district court since it was not raised in Torres' 2255 motion. Thus, we are unable to effectively review this claim. See Barrett v. United States, ___ _______ _____________ 965 F.2d 1184, 1188 (1st Cir. 1992)(holding plaintiff failed to raise Jencks Act claim in a timely manner below where claim was first asserted in plaintiff's reply to government's response to plaintiff's amended 2255 motion). Moreover, Torres' filings with this court do not seek appellate review of this issue. Thus, we do not address it. -6- February 17, 1993, two days before the district court issued its order denying relief and four days before judgment for the government was entered. It appears that the district court did not consider this reply before it entered its decision, for the docket sheet indicates that the reply was not docketed until March 2, 1993, after judgment had been entered and the case had been closed. In any event, Torres filed a timely notice of appeal. II. We have allowed Torres to proceed on the memorandum he filed in the district court in lieu of filing a brief on appeal.6 Having reviewed the record thoroughly, we conclude that the district court's analysis was correct. It is true that when 21 U.S.C. 841(b) was originally enacted, it did not subject defendants with prior state court drug convictions to enhanced penalties as repeat offenders. Rather, this statute initially allowed sentence enhancements only for prior federal felony-drug violations. See, e.g., ___ ____ United States v. Gates, 807 F.2d 1075, 1082 (D.C. Cir. 1986), _____________ _____ ____________________ 6. Torres has also filed a reply brief which emphasizes that, in his view, Congress did not intend the crime of simple possession of cocaine to trigger a sentence enhancement. This argument is based on Torres' assumptions that violations of 21 U.S.C. 844 cannot result in a sentence enhancement and that, had Torres' prior possession of cocaine offense been prosecuted under 21 U.S.C. 844, his prior conviction could not have triggered the enhanced sentence he now endures. -7- cert. denied, 481 U.S. 1006 (1987); United States v. Johnson, _____ ______ _____________ _______ supra. However, 21 U.S.C. 841(b) was amended by the _____ Comprehensive Crime Control Act of 1984. See Pub. L. 98-473, ___ Tit. II, 502, 98 Stat. 1976, 2068. See also United States ___ ____ _____________ v. Rivera, 996 F.2d 993, 1000-01 & n.4 (9th Cir. ______ 1993)(dissenting opinion discussing legislative history of 841). At the time of Torres' offense, as now, 21 U.S.C. 841(b)(1)(B) explicitly authorized enhanced penalties on the basis of prior state felony convictions. Possession of cocaine is a felony under Rhode Island law. See, e.g., ___ ____ Amaral v. INS, 977 F.2d 33, 36 n.3 (1st Cir. 1992). Thus, ______ ___ Torres' contention that he could not be subjected to the enhanced penalties in 21 U.S.C. 841(b) based on his prior state conviction is plainly meritless. The fact that Torres' prior offense may only have amounted to a misdemeanor under 21 U.S.C. 844 is irrelevant given the plain wording of 21 U.S.C. 841(b)(1)(B).7 ____________________ 7. Torres errs in asserting that violations of 21 U.S.C. 844 may never support a sentence enhancement under 21 U.S.C. 841. To be sure, "absent prior convictions, simple possession is not a felony under federal law." Amaral v. ______ INS, 977 F.2d at 36. Thus, under circumstances where simple ___ possession is only a misdemeanor, a violation of 21 U.S.C. 844 cannot be used to invoke the recidivist penalties of 21 U.S.C. 841, which require that prior convictions be for felonies. "However, one prior conviction turns possession into a felony since the maximum penalty increases to over a year." Id. Thus, prior convictions for violations of 21 ___ U.S.C. 844 which constitute felonies may support sentence enhancements under 21 U.S.C. 841. -8- The record also contradicts Torres' assertion that the prosecutor failed to file the information required by 21 U.S.C. 851(a)(1). The information was filed on September 6, 1989 and served by mail on Torres' counsel on that date. Moreover, we think that the information was substantively adequate. The information clearly specified the date and place of Torres' prior conviction, that the conviction involved a felony (possession of cocaine) and the sentence that Torres received.8 Torres' reliance on United States v. _____________ Wirsing, supra, is misplaced, for the 851 information which _______ _____ was held defective in that case wholly failed to identify the defendant's prior conviction. We also think that the information's reference to 21 U.S.C. 851 was adequate to place Torres, who was represented by counsel, on notice that the government intended to seek a sentence enhancement based on Torres' prior conviction. Cf. United States v. Belanger, __ _____________ ________ ____________________ 8. The Information provided, in relevant part, that: The said defendant, on or about the 13th day of September, 1988, in the state of Rhode Island, was duly convicted of possession of cocaine, a felony, in violation of Rhode Island General Laws, and was sentenced on said date to a three year term of imprisonment, sentence suspended, and a three year term of probation. All in violation of Title 21, United States Code, Section 851. -9- 970 F.2d 416, 419 (7th Cir. 1992)(noting that "[s]ection 851 does not specify the particular form which notice of enhancement must take..."). Finally, we note that the Presentence Report shows that Torres received only one criminal history point under 4A1.1(c), thus there was no double counting. And, since Torres was subject to the enhanced mandatory minimum ten-year prison term, his criminal history score did not affect his sentence. Accordingly, the judgment of the district court is affirmed. ________ -10-