**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

**v.**

**Rene GONZALEZ–LERMA, Defendant–Appellant/Cross–Appellee.**

**Nos. 92–4214, 93–4009 and 93–4016.**

United States Court of Appeals, Tenth Circuit.

Jan. 31, 1994.

---

Jenine M. Jensen, Asst. Federal Public Defender, Denver, CO (Michael G. Katz, Federal Public Defender, with her on the brief), for defendant-appellant/cross-appellee.

Kevin L. Sundwall, Sp. Asst. U.S. Atty., Salt Lake City, UT (David J. Jordan, U.S. Atty., with him on the brief), for plaintiff-appellee/cross-appellant.

Before BALDOCK, HOLLOWAY and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

This is an appeal and cross-appeal following a conviction under 21 U.S.C. § 841(a)(1) for possession of cocaine with intent to distribute. Mr. Rene Gonzalez–Lerma challenges the district court's denial of his motion to suppress the evidence resulting from the stop and search of the vehicle he was driving. The government cross-appeals, alleging that the district court erred in refusing to enhance the sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. We affirm the conviction, but remand the case to the district court so that it may resentence, applying the enhancement.

*Background*

A.

There was evidence offered below tending to show the following:

Mr. Gonzalez–Lerma, while driving a truck on I–70 in Utah, was stopped for traveling 71 m.p.h. in a 65 m.p.h. zone. The truck had a Michigan license plate. Mr. Gonzalez–Lerma produced a temporary California driver's license and the title to the vehicle, rather than its registration. The deputy who stopped Mr. Gonzalez–Lerma noticed that his hands were shaking when he handed the documents over. Asked for additional identification, Mr. Gonzalez–Lerma offered a union card.

The title was in the name of one Robert Thompson and was unsigned. When asked why he had possession of the vehicle, the Defendant stated that he worked in construction and he had taken the vehicle from Detroit to Los Angeles to pick up some parts for construction and was on his way back.

The deputy noted a discrepancy between the dates of birth on the two identification cards. The date of birth on the California license was 10/22/49, while the date on the union card was 9/22/48.

After telling Gonzalez–Lerma that he was going to issue him a written warning, the deputy returned to his patrol car and ran checks on the vehicle. Although the checks were negative, the deputy testified that the lack of a stolen vehicle report did not conclusively establish that the vehicle was not stolen. The deputy returned to the truck, and asked Mr. Gonzalez–Lerma about the construction parts, since he did not see any in the truck. According to the deputy, Mr. Gonzalez–Lerma was unable to answer his question about the parts but said that someone had hired him to drive the vehicle back to Detroit. Asked whether he had firearms, cocaine, or marijuana, Defendant responded that he did not.

The deputy testified that Mr. Gonzalez–Lerma specifically consented to a search of the vehicle. A search of the bed of the truck revealed fresh undercoating and body putty as well as a five- to six-inch space between the top and bottom of the bed. Defendant was arrested and taken into custody. A warrant was obtained, the hidden compartment searched, and 27 kilos of cocaine was found.

## B.

After an evidentiary hearing, the trial court issued its order denying the motion to suppress. The court found that the stop was not pretextual, and Defendant does not challenge that determination on appeal.

The court also rejected the Defendant's argument that the deputy's extended detention and persistent questioning constituted an unreasonable seizure. Relying on the rule that an officer may detain an individual for questioning when there exists specific, articulable facts to form a reasonable suspicion of criminal activity, *United States v. Turner*, 928 F.2d 956, 959 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991), the court held that the investigatory detention was legitimate. The court specifically cited these circumstances as the basis for the officer's continued questioning:

(1) the unsigned title;

(2) the temporary license with a birth date differing from the birth date of the defendant's other identification;

(3) the conflicting stories about the defendant's itinerary;

(4) the implausible explanation for the trip; and

(5) the defendant's complete lack of knowledge about the construction company that allegedly provided him with the truck.

I R.Doc. 17. The court found that these facts, as well as the Defendant's pronounced nervousness, supported the deputy's reasonable suspicion that the vehicle was stolen or that the defendant possessed drugs or other contraband. *Id.*

Finally, the trial court rejected the Defendant's argument that the search of the bed of the truck and a toolbox therein was improper because consent was only given to look *inside* the vehicle. *Id.* The court's position on this issue was supported by the fact that the Defendant gave the officer a general statement of permission to search without express limitations.

### C.

The day before trial, the government, to comply with the procedural requirements of 21 U.S.C. § 851,[1] filed with the court an information stating that it intended to rely on a prior conviction for sentencing purposes, if the Defendant was convicted. I Supp.R. 2. On the morning of the trial, October 5, 1992, before trial commenced, the government served the same information[2] on defense counsel. *Id.* The government had copies of the underlying judgment and commitment order which contained more specific information about the conviction. The government provided these copies to the judge before trial to resolve whether the conviction could be used for impeachment and whether it could be used in the government's case-in-chief. IV R. 8–9. Those discussions, at which both government and defense counsel were present, occurred, at least in part, in chambers and are not part of the record on appeal. *Id.* at 9. The government also represented below that the prior conviction "was a matter of negotiation prior to going to trial." IV R. 4.

Defendant was found guilty under 21 U.S.C. § 841(a)(1) of possession of a controlled substance with intent to distribute. At the initial sentencing hearing, defense counsel objected to enhancement and sought a continuance because of the lateness with which the enhancement request was made in the PSR addendum. IV R. 4. Defense counsel requested time to investigate the va-

lidity of the prior conviction, whether or not it was a felony, and "whether there are any other kinds of defects." *Id.* at 9–10. The matter was continued. Before sentence was imposed, defense counsel indicated that he had investigated the prior conviction and "did not discover ... anything that would raise [to] the level of a challenge [under § 851(c) ]." V R. 4. The defense then specifically objected to the timeliness of filing of the information and also to the lack of specificity in its contents. V R. at 4–6. Objection also was made to enhancing because the prior conviction was not by way of indictment. *Id.* at 6–7.

The district court regarded the third objection as fatal to the enhancement of the sentence. *Id.* at 9. Therefore, rather than impose an enhanced sentence of twenty years, he sentenced the defendant to the mandatory minimum of ten years' imprisonment, five years' supervised release, and a $50 special assessment. *Id.* at 10. Although the judge indicated at the first sentencing hearing that he did not believe that the timing of the information met the requirements of § 851, IV R. 4–5, at the continued sentencing hearing the judge stated that he regarded the fact that the prior conviction was not obtained on an indictment as fatal to enhancement on the instant offense. V R. 9.

### Discussion

### A. Fourth Amendment

On appeal, the Defendant advances the same two arguments made to the district

---

1. Section 851(a) provides:

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

2. The information read as follows:

The United States of America by DAVID J. JORDAN, United States Attorney, through DAVID J. SCHWENDIMAN, Assistant United States Attorney, files this Information as required by 21 U.S.C. § 851, stating that it intends to rely upon the following previous conviction of the defendant in matters relating to sentencing in the above entitled case:

Possession of a controlled substance, California, June 18, 1988.

DATED this the 5th day of October, 1992.
I R.Doc. 43.

court. When reviewing a district court's denial of a motion to suppress, we accept the district court's factual findings unless they are clearly erroneous. *United States v. Arango,* 912 F.2d 441, 444 (10th Cir.1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1318, 113 L.Ed.2d 251 (1991). The ultimate determination of reasonableness under the Fourth Amendment, however, is a question of law, which we review de novo. *United States v. McKinnell,* 888 F.2d 669, 672 (10th Cir.1989).

■ The threshold inquiry in reviewing the validity of a search or seizure is whether the Defendant's own Fourth Amendment rights have been violated. *United States v. Padilla,* — U.S. —, —, 113 S.Ct. 1936, 1939, 123 L.Ed.2d 635 (1993). The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of arrest. *United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). For this reason, it is beyond dispute that a vehicle's driver may challenge his traffic stop. *United States v. Erwin,* 875 F.2d 268, 270 (10th Cir.1989). Thus, despite argument by the government challenging Defendant's standing to attack the search of the truck, we hold that Gonzalez–Lerma has standing to challenge his traffic stop and subsequent detention. A traffic stop is an investigative detention analogous to a *Terry* stop. *United States v. Soto,* 988 F.2d 1548, 1554 (10th Cir.1993). Its reasonableness is evaluated in two respects: first, whether the officer's action was justified at its inception, and, second, whether the action was reasonably related in scope to the circumstances that first justified the interference. *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1878–79, 20 L.Ed.2d 889 (1968). In the context of a traffic stop, this court has consistently held that:

> An officer conducting a routine traffic stop may request a driver's license and vehicle registration, run a computer check, and issue a citation. When the driver has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning.

*United States v. Guzman,* 864 F.2d 1512, 1519 (10th Cir.1988) (citations omitted).

■ Further questioning is permissible in two circumstances. First, the officer may detain the driver for questioning unrelated to the initial traffic stop if he has an objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring. *Soto,* 988 F.2d at 1554. Second, further questioning is permissible if the initial detention has become a consensual encounter. *United States v. DeWitt,* 946 F.2d 1497, 1502 (10th Cir.1991), *cert. denied sub nom. Rison v. United States,* — U.S. —, 112 S.Ct. 1233, 117 L.Ed.2d 467 (1992).

■ The deputy's uncontroverted testimony establishes that his detention of Mr. Gonzalez–Lerma had not become a consensual encounter. This Circuit follows the bright-line rule that an encounter initiated by a traffic stop may not be deemed consensual unless the driver's documents have been returned to him. *United States v. McKneely,* 6 F.3d 1447, 1451 (10th Cir.1993). In this case, the deputy retained Mr. Gonzalez–Lerma's license, identification, and title to the vehicle during the entire time at issue. Therefore, the Defendant was not free to leave and any questions asked were not part of a consensual encounter. *See Soto,* 988 F.2d at 1555. The subsequent investigative detention was justified, then, only if it was supported by an objectively reasonable suspicion of illegal activity, as determined by the totality of the circumstances. *United States v. Ward,* 961 F.2d 1526, 1529 (10th Cir.1992).

■ The officer's continued investigative detention was supported by a reasonable suspicion of illegal activity. When the deputy decided to ask Mr. Gonzalez–Lerma questions unrelated to the initial traffic stop, he was confronted with a driver with an unsigned title and no vehicle registration, a temporary driver's license with a birth date differing from that of his other identification, a questionable explanation for the long trip, and a lack of knowledge about the construction company that allegedly provided him with the truck.

■ We have upheld the legitimacy of investigative detentions in a variety of circum-

stances. One recurring factor supporting a finding of reasonable suspicion in other cases is the inability of a defendant to provide proof that he is entitled to operate the vehicle he is driving. *See United States v. Horn,* 970 F.2d 728, 732 (10th Cir.1992). Although no single factor is determinative, the inability of a driver to offer proof that he is entitled to operate a vehicle, combined with inconsistent or incomplete information about ownership of the vehicle, his identity or his destination will generally give rise to a reasonable suspicion justifying further questioning. *See United States v. Pena,* 920 F.2d 1509, 1514 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991).

The totality of the circumstances supported a suspicion of illegal activity. Therefore, we hold that the additional detention for specific questioning about weapons, narcotics, and the Defendant's possession of the vehicle was supported by an objectively reasonable suspicion. Because the detention did not violate the Defendant's Fourth Amendment rights, the subsequent consensual search of the truck was not tainted. Accordingly, the district court's denial of the defendant's motion to suppress the evidence from the search is affirmed.

### B. Sentence Enhancement

In its cross-appeal, the government contends that the district court erred in refusing to enhance the ten year mandatory minimum sentence to a twenty year mandatory minimum under 21 U.S.C. § 851. Defendant concedes on appeal that the basis for the trial court's ruling (that the prior conviction had to be based on an indictment) was incorrect, but he advances two other grounds for affirming the sentence. The legality of the sentence presents a question of law, which we review de novo. *United States v. Cook,* 952 F.2d 1262, 1263 (10th Cir.1991). Because we cannot agree with the Defendant that the information filed by the government seeking enhancement was either untimely or otherwise inadequate under § 851, we must remand for resentencing for application of the enhancement.

■ Under § 851(a)(2), the government may not seek an enhanced sentence if the increased punishment which would be imposed is imprisonment for a term in excess of three years unless the defendant "either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." 21 U.S.C. § 851(a)(2). The offense to which the statute refers is the one being prosecuted in the case at bar. *United States v. Adams,* 914 F.2d 1404, 1407 (10th Cir.), *cert. denied,* 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990), *cert. denied sub nom., Eliga v. United States,* 498 U.S. 1100, 111 S.Ct. 996, 112 L.Ed.2d 1080 (1991). As we explained in *Adams,* the punishment for a prior offense cannot be enhanced *ex post facto,* but the punishment for the current offense can appropriately be enhanced on the basis of a defendant's recidivism. *Id.* Therefore, the district court's conclusion that the prior offense must have been prosecuted by way of indictment is incorrect.

■ Defendant also challenges the timing and adequacy of the information filed by the government. Regarding the timing, he contends that "before trial" in § 851(a)(1) means at least the day before trial begins. However, the circuits that have considered this issue in the context of jury trials have concluded that filing anytime before jury selection begins is sufficient for purposes of 21 U.S.C. § 851. *United States v. Johnson,* 944 F.2d 396, 406–07 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991), *cert. denied sub nom., Miller v. United States,* —— U.S. ——, 112 S.Ct. 2951, 119 L.Ed.2d 574 (1992). *See also United States v. White,* 980 F.2d 836, 844 (2d Cir.1992); *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), *cert. denied sub nom., Sikes v. United States,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991). We agree with this interpretation of § 851 and, therefore, hold that the filing here, which occurred before the trial began, was timely.

Defendant also challenges the information filed by the government on the ground that its contents were inadequate to provide the notice required by the statute. Given the pretrial procedure in this case, however, we disagree that the facts contained in the infor-

mation did not provide sufficient notice as mandated by the statute.

■ As an initial matter, the government argues that the Defendant has waived his claim that the notice was insufficient because § 851 states that "any challenge to a 'prior conviction'" which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). However, this argument must fail because the language on which the government relies refers to a challenge to the prior conviction itself, not a challenge to the sufficiency of the notice, which was preserved for appeal here by a timely objection at the sentencing hearing. Subsection (c)(2) of the statute makes clear the type of challenge which the statute requires: "Any challenge *to a prior conviction,* not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2) (emphasis added). A response to the information (which challenges the validity or existence of a conviction) thus is distinct from an objection to the legal sufficiency of notice imparted by the information as filed. Therefore, the defendant's timely objection to the insufficiency of the information preserved that issue for appeal.

Due process requires that a defendant "receive reasonable notice and opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to trial on the substantive offense." *Oyler v. Boyles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962). Section 851 was enacted to fulfill this due process requirement. *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992). "Failure to file the information prior to trial deprives the district court of jurisdiction to impose an enhanced sentence." *United States v. Wright,* 932 F.2d 868, 882 (10th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991).

Here an information *was* filed prior to trial. *See supra* n. 2. "Section 851 does not specify the particular form which notice of enhancement must take...."[3] *Belanger,* 970 F.2d at 419. Our inquiry must be whether the information which was filed provided Mr. Gonzales–Lerma reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard. *Id.* at 418–19.

■ The information provided the following particulars concerning the prior conviction to be relied upon: the offense, the location and the date. At the sentencing hearing, the Defendant objected to the lack of specificity:

> No attachments were made to this [the information] as far as any certified copies of documents from California where this occurred, the type of controlled substance that it actually was, the amount and any other circumstances.

> I don't know that they need to go into detail as to amounts and other types of things but I think the statute requires ... that there be more specificity than is contained in this information and that conceivably the ideal situation would be to file a copy of that record along with the information rather than their mere allegations about it.

V R. 6. On appeal, Defendant contends that the information filed was inadequate because it "did not contain the correct date, did not specify the place of conviction other than a state, and did not provide a case number." Reply/Answer Brief at 10.

---

**3.** The dissent suggests that "[t]wo courts have indicated that the government's notice of intent to enhance under § 851 must clearly identify the convictions to be relied upon," citing *Belanger,* 970 F.2d at 419, and *United States v. Wirsing,* 662 F.Supp. 199, 200 (D.Nev.1989). Dis. at 1487. Neither court, however, addressed the necessary amount of clarity or detail, once a particular conviction is specified. In *Belanger,* the issue was whether the district court could relate two separate filings to communicate the requisite information to enhance, particularly when the first filing did not specify a particular conviction and the second filing was for another purpose. 970 F.2d at 419. *Belanger* did not address the "details of the second filing." Dis. at 1487. The government's notice in *Wirsing* "did not state in writing the previous convictions to be relied upon," 662 F.Supp. at 200, so the district court had no occasion to discuss the requisite level of detail.

While it perhaps would be ideal if the government filed a certified copy of the conviction to be relied upon along with the information, we find no such requirement in the statute and decline to impose one. As for the contention that the incorrect date [4] somehow renders the notice insufficient, the statute expressly provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence." 21 U.S.C. § 851(a). This adherence to reasonableness continues in the statute: "The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required...." 21 U.S.C. § 851(c)(1).

We think that the government provided sufficient notice. When defense counsel was confronted with the likelihood of enhancement two months later (in response to an addendum to the presentence report) and prior to sentencing, the government invited him to explore the contents of the judgment and commitment order, IV R. 5, sentencing was postponed and a later sentencing hearing was held. In that hearing, Defendant did not challenge the conviction, rather he argued that the timing of the information was inadequate, as was its specificity.

Several cases have invalidated enhancements and determined that the doctrine of harmless error does not apply when the government fails to timely file an information under § 851(a)(1) prior to trial. *See Neary v. United States,* 998 F.2d 563, 565 (8th Cir.1993); *United States v. Olson,* 716 F.2d 850, 852 (11th Cir.1983); *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.1974), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974). *See also Weaver,* 905 F.2d at 1481 (government must file and serve timely information; *held,* no violation of § 851 procedure). *Neary, Olson* and *Noland* do not control the outcome in this case because a timely filed information signalled the government's intent to rely upon a particular

prior conviction. More information was easily obtainable from the government had defense counsel desired it and the information was available in court *prior to trial.* Merely because the Defendant chose not to address this issue until much later in the proceedings cannot justify the dissent's hypertechnical approach. Defendant also relies on *United States v. Wirsing,* 662 F.Supp. 199 (D.Nev. 1987), however, there again the government's notice "did not state in writing the previous convictions to be relied upon," and was not sufficient. *Id.* at 200.

Accordingly, the conviction is AFFIRMED, the case is REMANDED to the district court with instructions to vacate the sentence and resentence in accordance with this opinion.

HOLLOWAY, Circuit Judge, concurring in part and dissenting in part:

I am in agreement with the majority's opinion that the trial court's order denying the suppression motion should be affirmed. However, for reasons given below, I must respectfully dissent from their ruling that the filing in this case complied with § 851. I would affirm both the conviction and the unenhanced sentence.

By enacting 28 U.S.C. § 851, Congress prescribed the sort of notice the government must provide in order for a court to enhance a sentence based on a prior drug conviction. Although the statute fulfills the due process requirement that a defendant receive reasonable notice and opportunity to be heard regarding a recidivist charge, *see United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992), the relevant inquiry for a court reviewing a challenge to the sufficiency of the government's notice in a particular case is whether it satisfies the requirements of *the statute* — not solely the more general constitutional requirement of reasonable notice and opportunity to be heard. The latter would apply even in the absence of the statutory notice requirement. *See Oyler v. Boyles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962). By focusing solely on "reasonable

---

4. Here the date alleged was June 18, when the correct date of the prior conviction was actually June 13, 1988.

notice," the majority opinion waters down the statutory requirements and overlooks what our task is: discerning the meaning of the statutory phrase, "stating in writing *the previous convictions* to be relied upon." 21 U.S.C. § 851(a)(1) (emphasis added).

Although § 851 does not give specific guidance as to the *form* the information filed by the government must take, it clearly contemplates that the information include more than merely a vague allusion to the fact that the defendant was previously convicted in some case. The statute provides that "[u]pon a showing by the United States attorney that *the facts regarding prior convictions* could not with due diligence be obtained prior to trial, ... the court may postpone the trial ... for a reasonable period for the purpose of obtaining such facts." 21 U.S.C. § 851(a)(1) (emphasis added). Thus, the requirement that the government provide the defendant with the essential facts regarding the prior convictions is contained in the statute.[1]

Two courts have indicated that the government's notice of intent to enhance under § 851 must clearly identify the convictions to be relied upon. *See Belanger,* 970 F.2d at 419; *United States v. Wirsing,* 662 F.Supp. 199, 200 (D.Nev.1989). In *Belanger,* the Seventh Circuit affirmed the trial court's finding that although the government's information (titled as a "Notice of Intention to Seek Enhanced Penalty") may have been insufficient by itself, when taken together with its "Notice of Intent to Offer Evidence," the government had adequately notified the defendant of its intent to seek an enhanced

penalty. The first filing stated that a sentencing enhancement would be sought but did not state which prior convictions would be used. The government conceded that the first filing was defective. The second filing, although submitted for different purposes, "detailed those convictions." 970 F.2d at 419. *Both* the first and second instruments were filed and served on Belanger *prior to trial. Id.* at 417. Therefore, it was the details of the second filing that rendered the government's instruments sufficient to satisfy § 851. *Id.* at 419.

In *Wirsing,* the court found the government's notice and information insufficient under the plain language of 21 U.S.C. § 851(a)(1) because the government merely notified the court and the defendant of "the existence of a prior felony conviction cognizable under Title 21, United States Code" and of the government's intent to rely on that conviction for sentence enhancement, but did not provide any other facts about the prior conviction. 662 F.Supp. at 200.

Here, just as in *Wirsing,* the information filed by the government provided only the vaguest reference to a prior conviction to be relied on. It stated only that the government intended to rely on a prior conviction in California, the most populous state in the union, for possession of a controlled substance. It did *not* state the name or number of the case in which the defendant was convicted, the location of the court in which he was convicted, whether the conviction occurred in a federal or state court, or the correct date of his conviction.[2] In short, the instrument filed by the government did not

---

1. I do not say that this means that the evidentiary background underlying the prior conviction must be shown, but merely that the conviction itself be adequately identified. As the majority points out, subsection (c) of the statute provides that "[t]he failure of the United States attorney to include in the information the complete criminal record or any facts *in addition to the convictions to be relied upon* shall not constitute grounds for invalidating the notice given in the information...." 21 U.S.C. § 851(c)(1) (emphasis added). However, this is not responsive to the issue of what facts constitute notice of the prior convictions under that statute.

2. I recognize, as does the majority, that § 851(a)(1) provides that clerical mistakes in the

information may be amended at any time prior to the pronouncement of sentence. Therefore, an incorrect date, standing alone, would not deprive the trial court of jurisdiction to enhance the sentence. 21 U.S.C. § 851(a)(1); *United States v. Campbell,* 980 F.2d 245, 252 (4th Cir.1992) (allowing United States Attorney to amend information to correct clerical error where original information "clearly identified" prior conviction), *cert. denied,* — U.S. —, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993). Here, however, because the original information filed did not clearly identify the prior conviction to be relied on, the inaccurate date further undermined the adequacy of notice.

identify a particular prior conviction, as required by the statute. Therefore, the notice attempted before trial was legally defective under § 851.

The majority simply asserts that "a timely filed information signalled the government's intent to rely on a particular prior conviction." Opinion at 1486. This assumes the very issue before us—the legal sufficiency of the notice given by the wording within the four corners of the instruments filed and served before trial. Instead of considering what the statute requires the contents of that filing to be, the majority simply argues that the notice here was "reasonable." *Id.* This approach boils down to nothing more than harmless error analysis.

We should reject this approach. As this court has specifically noted: "the harmless error doctrine is not applicable" in judging compliance with § 851. *United States v. Wright,* 932 F.2d 868, 882 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991). Failure to comply with § 851(a) by filing the requisite notice prior to trial deprives the district court of jurisdiction to impose an enhanced sentence. *Id.* at 882. *See also United States v. Novey,* 922 F.2d 624, 627 (10th Cir.) (although the defendant did not raise the government's lack of compliance with § 851 in the district court, the court was without authority to impose an enhanced sentence unless the statutory requirements were met; therefore, appellate court could consider the question on its merits), *cert. denied,* —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). The court cannot overlook a failure to comply with the statutory mandate by finding that, under the facts of a given case, it was harmless or, in what amounts to the same analysis in this context, by finding that the defendant had "reasonable notice ... and a meaningful opportunity to be heard." Opinion at 1485. In *Neary v. United States,* 998 F.2d 563 (8th Cir.1993), the court rejected analysis like that of the majority opinion here:

> Even when the defendant is not surprised by the enhanced sentence, was aware from the outset that his previous conviction could lead to an enhanced sentence, never challenged the validity of the prior conviction, and admitted it at the sentencing hearing, *the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial ....* Significantly, *"[t]he doctrine of harmless error does not apply"* with respect to failures to follow the statutory scheme of § 851. *United States v. Olson,* 716 F.2d 850, 852 (11th Cir.1983).

*Id.* at 565 (quoting *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), *cert. denied sub. nom. Sikes v. United States,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991)) (emphasis added).

For this reason, the fact that "[m]ore information was easily obtainable from the government," maj. op. at 1486, is clearly irrelevant. The statute places on the government the mandatory burden of providing the information in written instruments filed and served on the defendant prior to trial. The government is given the right to have the trial postponed if it is unable to comply with § 851 at that time. 21 U.S.C. § 851(a)(1). The defendant, who may be served with the information the moment before the trial begins, must be able then to "determine whether he should enter a plea or go to trial ... with full knowledge of the consequences of a potential jury verdict," *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991). He is not able to do this unless the instruments filed and served on him before trial give clear details on the particular conviction to be relied upon.

The majority's reliance on the fact that *after* the defendant was convicted, the government invited defense counsel to explore the contents of the judgment and commitment order concerning the prior conviction is also irrelevant; the statute requires that the information be provided *"before trial."* 21 U.S.C. § 851(a)(1) (emphasis added). The majority's suggestion that the government's post-conviction actions can make up for the deficiencies in the written instruments served before trial is, again, nothing more than harmless error analysis. It focuses on what the defendant could have done, instead of on what the government did or did inadequately. This focus is misdirected because

[u]nless and until prosecutorial discretion is invoked and the government *files and serves an information* as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine. *Harmless error cannot give the district court authority that it does not possess.*

*United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983) (emphasis added).

Because I am convinced that the government failed here to comply with the notice requirement of § 851 prior to trial, I would affirm both the conviction and the unenhanced sentence of the defendant. Accordingly, I must respectfully dissent as to the enhancement holding of the majority opinion.