**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JUAN MANUEL GONZALEZ,

  Defendants-Appellant.

No. 95-3414
(Dist. of Kansas)
(D.C. No. 94-CR-10127)

### ORDER AND JUDGMENT[*]

Before **MURPHY**, **RONEY**[**], and **BARRETT**, Circuit Judges.

This case was originally scheduled for oral argument, but the parties later requested that it be submitted on the briefs. After examining the briefs and the appellate record, this court determines that oral argument would not materially assist the decisional process. Accordingly, we grant the parties' request and order

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

the case submitted for decision on the briefs. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1.2.

The Appellant, Juan Gonzalez, entered a guilty plea to two counts of possession with intent to distribute, on condition that he be allowed to appeal the district court's denial of his suppression motion. *See* Fed. R. Crim. P. 11(a)(2). This court exercises appellate jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

The district court's factual findings are as follows. Mr. Gonzalez was a passenger in a vehicle traveling a Kansas highway. A state trooper observed the vehicle speeding and pulled it over. Routine inquiry as to license and registration revealed that neither the driver nor any of the passengers possessed a drivers license, and that the vehicle was leased. The driver indicated that Mr. Gonzalez had leased the vehicle. Mr. Gonzalez, however, was not a party to the lease provided to the trooper. Furthermore, the lease terms dictated that the automobile was to be driven only in California. The trooper observed tape and a cellular telephone in the car.

The trooper asked the driver to accompany him back to his patrol car where the trooper could communicate with the dispatcher. There the driver responded as follows to the trooper's inquiries: he and the passengers were traveling to attend his cousin's grandmother's funeral; Mr. Johnson, the other passenger in the

vehicle with Mr. Gonzalez, was his cousin; he did not know the deceased's name, but called her "Aunty D"; Mr. Johnson was not actually his cousin, but rather just a friend; and they planned to return to California on the 25th or the 26th.

The dispatcher revealed that Mr. Gonzalez matched by name, size, and age, a person who had a record of drug convictions and who was wanted in California. The trooper returned to the automobile to speak with Mr. Gonzalez, who responded as follows to his inquiries: the car was actually rented to his cousin, Lacicia Rawana; Mr. Gonzalez had permission to drive it, and the trooper was welcome to verify this; they were going to Mr. Johnson's grandmother's funeral; they planned to return on the 23rd; and he did not have an arrest record.

The trooper requested that a drug dog be brought to the scene. The driver appeared to get very nervous. The trooper asked him if he had any drugs or weapons. He replied that he did not but that the trooper could look if he so desired. The trooper told him that a drug dog was on the way and that they would wait for it to do the search.

The trooper then told Mr. Gonzalez that the driver had consented to a search of the vehicle and that a dog was on the way. The trooper asked Mr. Gonzalez whether he would also consent to the search. Mr. Gonzalez ultimately replied that the trooper could search the vehicle. The dog arrived, and the search revealed the illegal drugs.

This court will uphold a district court's factual findings unless they are clearly erroneous. *United States v. Rivera*, 867 F.2d 1261, 1262-63 (10th Cir. 1989). Factual findings are clearly erroneous only if they are without support in the record or if, after reviewing all the evidence, the appellate court is left with a definite and firm conviction that a mistake has been made. *Cowles v. Dow Keith Oil & Gas, Inc.*, 752 F.2d 508, 511 (10th Cir. 1985). The findings in this case are supported by the record, and this court, after reviewing all the evidence, is not left with a conviction that any mistake has been made. We therefore hold that the district court's factual findings are not clearly erroneous and affirm them.

In addition to the factual findings, the district court made the following legal conclusions: the initial stop was justified by the vehicle's excessive speed; the investigation was reasonable and appropriate in scope; and the driver and Mr. Gonzalez's consent to the search was given voluntarily. Based on these conclusions, the district court ruled that Mr. Gonzalez's Fourth Amendment rights were not violated, and it denied his suppression motion.

The Appellant claims that the court erred in each of its conclusions, argues that the discovered drugs are forbidden fruit, and appeals the denial of the suppression motion. The district court's legal conclusions are subject to de novo review. *United States v. Horn*, 970 F.2d 728, 730 (10th Cir. 1992).

-4-

The first legal question is whether the initial stop was valid. The Supreme Court recently stated, "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 116 S.Ct. 1769, 1772 (1996); *see also United States v. Bostero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (holding stop valid if based on observed traffic violation). The trooper observed the vehicle in question traveling at a speed in excess of the legal limit. Thus, the trooper had probable cause to believe that a traffic violation had occurred. The stop was valid.

The next question is whether the ensuing investigation was reasonable in its scope. *See United States v. McSwain*, 29 F.3d 558, 561 (10th Cir. 1994) (describing two-step Fourth Amendment analysis for traffic stops as requiring courts to question both validity of stop and scope of ensuing investigation); *see also Terry v. Ohio*, 392 U.S. 1, 19-20 (1968). Upon making a routine traffic stop, an officer may request a driver's license and vehicle registration and may run computer checks thereon. *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1483 (10th Cir. 1994). If the driver produces a valid license and proof of entitlement to operate the vehicle, however, the officer must cease investigation and allow him to leave upon issuance of a citation. *Id.* In this case neither the driver nor anyone in the car produced a valid license or proof of authorization to operate the car.

Therefore, it was reasonable for the trooper to continue to investigate rather than sending the travelers on their way.

The question remains, however, as to whether the investigation at some point became unreasonable in its scope and thus became an unlawful detention. *See Rivera*, 867 F.2d at 1263. Given the steady stream of suspicious facts discovered by the trooper as he asked questions, examined documents, and consulted with the dispatcher, it is clear that the investigation was reasonable in scope.

The final issue is whether the consent to search was voluntary. The Appellant's argument is that the government must be held to a higher standard of proof as to voluntariness because the illegal seizure tainted the circumstances, and that the government failed to meet this higher standard. However, since this court agrees with the district court's holding that there was no illegal seizure, the Appellant's argument fails. The consent was voluntary.

The district court was correct in holding that the Appellant's Fourth Amendment rights were not violated.

Accordingly, we **AFFIRM** the denial of the motion to suppress.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge