**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE ZUNIGA,

Defendant-Appellant.

No. 04-6383

(D.C. No. CR-04-50-2-M)

(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Appellant pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant contends that the district court erred when it denied Appellant's motion to suppress the evidence found in his vehicle.

We review denials of a motion to suppress using a mixed standard. The district court's factual findings are accepted unless they are clearly erroneous. We review the totality of the circumstances and view the evidence in a light most favorable to the government. *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005). The ultimate legal issue of whether under the given facts the police officer's conduct violated the Fourth Amendment is subject to de novo review. *Id*.

On November 25, 2003, Appellant's vehicle was pulled over by a police officer who had observed that the vehicle's taillight was defective and also that Appellant had drifted out of his driving lane. During the course of this traffic stop, the police officer noticed that Appellant seemed very nervous and gave conflicting information about his travels. *See* Order, 2-3 (W.D. Okla. June 18, 2004). After returning Appellant's license and registration and issuing Appellant a warning, the police officer asked for Appellant's consent to search his vehicle. Appellant gave his consent, and the police officer's drug dog "Bo" alerted the officer to the air bag compartment, where compressed cocaine powder and a loaded firearm were found. *Id*. at 4-5.

The district court found that the police officer "was justified in stopping

the van based upon the defective left rear tail light and the van's swerving onto the shoulder." *Id*. at 6. We have held that an officer may lengthen a traffic stop when the initial stop becomes a consensual encounter. *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1483 (10th Cir. 1994). The district court found that the police officer's questioning of Appellant was consensual: "Having heard the evidence presented, and based upon the totality of the circumstances, the [c]ourt finds that [Appellant] consented to further questioning by [the police officer] and that the initial traffic stop, thus, became a consensual encounter." Order, *supra*, at 8. In addition to determining that the encounter was consensual, the district court found that Appellant's consent to search his vehicle was given freely:

> Specifically, the [c]ourt finds that there was no duress or coercion, express or implied, that [Appellant's] consent was freely and intelligently given, and that [Appellant's] consent was unequivocal and specific; as reflected on the videotape, when asked if [the police officer] could search the van, [Appellant] clearly states, "Yes, you can."

*Id*. at 9. Finally, the court further added "that the use of the drug dog did not exceed the scope of the consent given by [Appellant] to search the van for drugs and guns." *Id*.

We have carefully reviewed the briefs of Appellant and Appellee, the district court's disposition, and the record on appeal. We are in accord with the district court's denial of issuance of the motion to suppress evidence, and, for substantially the same reasons set forth by the district court in its June 18, 2004,

order, we **AFFIRM** the district court's denial of Appellant's motion.

Entered for the Court


Monroe G. McKay
Circuit Judge