**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TAD M. HINDHAUGH,

    Defendant-Appellant.

No. 98-3096
(District of Kansas)
(D.C. No. 96-CR-10080-MLB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tad M. Hindhaugh entered a conditional plea of guilty to the sole count of an indictment charging Hindhaugh with possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hindhaugh now appeals the district court's denial of Hindhaugh's motion to suppress the marijuana. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

On review of a district court's denial of a motion to suppress, this court views the evidence in the light most favorable to the government and reviews the district court's factual findings for clear error. *United States v. Salzano*, 149 F.3d 1238, 1241 (10th Cir. 1998). The district court's conclusion that a seizure is supported by reasonable articulable suspicion is reviewed *de novo*. *Id.* Stated briefly and in accord with this standard, the facts are as follows.

On Friday, November 22, 1996, Kansas Highway Patrol Troopers Richard Jimerson and Greg Jurak observed a Mitsubishi Montero whose windows were mostly fogged over. Jimerson observed the Montero cross the right lane marker twice and noticed that the driver had his head leaning back as if he was sleepy. Accordingly, the troopers activated their lights and pulled the Montero over.

Jimerson approached the Montero on the passenger side. In the back of the vehicle, Jimerson could see a sleeping bag spread over the contents, although a duffel bag was in partial view. After the driver rolled down the passenger

window, Jimerson informed him about the view obstruction and asked the driver if he was tired. Jimerson saw the driver light a cigarette; the driver appeared very nervous, his hands were trembling and he was constantly clearing his throat.[1]

The driver produced an Arizona driver's license which identified him as Tad Hindhaugh and showed a home address in Lake Havasu City, Arizona. Jimerson testified that he was aware Lake Havasu City is located on the California border. After Jimerson noted that the car had Florida plates, Hindhaugh indicated the Montero was a rental. Hindhaugh stated that he did not have the rental papers with him, but that he had rented the car in Tucson, Arizona. Jimerson testified he was aware Tucson was about four hours southeast of Lake Havasu City. According to Jimerson, a recent DEA bulletin had identified Tucson as the "marijuana warehouse" for the country. Jimerson further testified, and the district court found, that when a person has no rental papers, he is usually trying to hide where the car was rented or who rented it.

Hindhaugh originally told Jimerson that he was going to Kansas City on vacation. Hindhaugh then changed his story and stated that he was going to St.

---

[1]Jimerson testified, and the district court found, as follows: (1) a driver who immediately lights up a cigarette when stopped is usually trying to conceal the odor of drugs or alcohol; and (2) drivers are not usually so visibly nervous upon being stopped for a traffic infraction.

Louis. Because the stop occurred on November 22nd, the Montero was due back on November 24th, St. Louis was an additional eight or nine hours away from the location of the stop, and the back of the Montero was full of bags, Jimerson found Hindhaugh's travel plans suspicious.

Jimerson returned to the patrol car and discussed the stop with Jurak. After checking Hindhaugh's license, Jimerson wrote a warning ticket for failing to maintain a single lane and for view obstruction. Jimerson gave Hindhaugh the ticket, returned his license, told Hindhaugh he was free to go, but indicated that he would like to ask Hindhaugh some additional questions. Jimerson then asked Hindhaugh if he was carrying anything illegal in the car. When Hindhaugh responded that he was not, Jimerson asked if he could search the back of the car. When Hindhaugh refused, Jimerson stated that he believed Hindhaugh was transporting drugs and that the Montero would be detained for a drug detection dog. Jimerson further informed Hindhaugh that he was free to go, but he would have to leave the vehicle behind. A trooper with a drug detecting dog arrived approximately forty-five minutes later. When the dog alerted at the back door of the vehicle, the troopers searched the Montero and found 235 pounds of marijuana in duffel bags in the back of the vehicle.

After he was indicted for possession with intent to distribute the marijuana, Hindhaugh filed a motion to suppress. Hindhaugh did not contest the vehicle

-4-

stop. Instead, as the sole basis for suppressing the marijuana, Hindhaugh argued

that the detention of the vehicle pending the arrival of the canine unit was not

supported by reasonable, articulable suspicion.

The district court denied the motion to suppress, holding as follows:

> An officer conducting a routine traffic stop may request a drivers license and vehicle registration, run a computer check, and issue a citation. When a driver has produced a valid license and proof of entitlement to operate the vehicle, the driver must be allowed to proceed without further delay. *United States v. Gonzales-Lema*, 14 F.3d 1479, 1483 (10 th Cir. 1994). However, an investigative detention may be expanded beyond its original purpose if, during the initial stop, the officer acquires reasonable suspicion of criminal activity. The officer must acquire a particularized and objective basis for suspecting the person stopped of criminal activity. *United States v. Villa -Chaparo*, 115 F.3d 797, 801-02 (10 th Cir. 1997).
>
> The evidence is sufficient for the court to find that such reasonable suspicion existed. Jimerson observed the following things which gave him reasonable suspicion that defendant was transporting contraband: a freshly lit cigarette, which is often used to mask drug or alcohol odors; the defendant's visible nervousness (shaking hands and clearing throat); the change in story regarding his destination; a lack of rental papers which is often used to hide where the car was rented or who rented it; the car was rented in Tucson while the defendant resides in Lake Havasu City – some 4 hours away; the improbability that the defendant could drive from Trego County, Kansas to St. Louis, Missouri, 8 or 9 hours away, for vacation, then back to Tucson by Sunday, November 24 (the date the car was to be returned); Tucson is a known source city for drugs; the back end of the defendant's vehicle was full of bags and covered up by a sleeping bag; block shapes were visible in one duffle bag that was not completely covered up.
>
> Although each of these items considered individually might not be sufficient to justify the defendant's continued detention and the canine sniff, taken as a whole, the facts give rise to a reasonable suspicion of criminal activity.

Dist. Ct. Op. at 6-7.

Upon *de novo* review of the parties' briefs and contentions, the district court's Memorandum Opinion, and the entire record on appeal, this court **AFFIRMS** the denial of Hindhaugh's motion to suppress for substantially those reasons set out in the district court's Memorandum Opinion dated October 22, 1997.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge