51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert David DUMARS, Jr. Defendant-Appellant.
 No. 93-3368.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1995.
 
 Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BURCIAGA, Senior District Judge.*
 ORDER AND JUDGMENT**
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 This case was set for oral argument on November 18, 1994, before this panel. Prior thereto, both parties waived oral argument. After examining the briefs and appellate record, this panel determined to honor the parties' request for a decision on the briefs without oral argument and ordered that the case be submitted without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9.
 
 
 2
 On March 29, 1993, a pickup truck driven by Robert David Dumars, Jr. was stopped on Interstate Highway 70 west of Topeka, Kansas by two Kansas Highway Patrol Troopers. A passenger in the vehicle, one Egla Sanchez, was the owner of the vehicle Dumars was driving. The officers who were following the pickup stopped the pickup because on two occasions the driver had crossed the white edge line a foot or so, in violation of Kansas law. K.S.A. 8-1522(a). After issuing Dumars a warning ticket, the officers asked for, and received, consent from both Dumars and Sanchez to search the vehicle. The ensuing search revealed 226 1/2 pounds of marijuana underneath a false bed of the pickup truck. By indictment, Dumars and Sanchez were charged with conspiracy and unlawful possession of marijuana, in violation of 21 U.S.C. Secs. 846 and 841(a)(1).
 
 
 3
 Dumars filed a motion to suppress the use at trial of the marijuana found in the search of the pickup truck. The motion was denied.[1] Dumars then entered a conditional plea of guilty to count 2 of the indictment charging unlawful possession of marijuana, reserving the right to appeal from his conviction and sentence and challenge, on appeal, the district court's denial of his motion to suppress. Fed.R.Crim.P. 11(a)(2).
 
 
 4
 On appeal, as we understand it, Dumars concedes that he has no standing to challenge the actual search of the pickup since he was only the driver, and the owner, who was a passenger, had given her consent to search. In this regard, see United States v. Jefferson, 925 F.2d 1242 (10th Cir.), cert. denied, 502 U.S. 884 (1991). However, Dumars does challenge the district court's holding that the stop of the pickup was nonpretextual, and that his detention thereafter was not unreasonably long, and in connection therewith asserts that each taints the search.
 
 
 5
 At the hearing on the motion to suppress, the only witness was Officer Richard Jimerson of the Kansas Highway Patrol. He testified that he and his fellow officer while following the pickup in their vehicle in an easterly direction on Interstate Highway 70 west of Topeka, Kansas noticed that the pickup was on two occasions drifting beyond the white line on the edge of the highway. For that reason, fearing that the driver was intoxicated or sleepy, they caused the driver of the pickup to stop. Whereupon Jimerson approached Dumars on the driver's side of the pickup and his fellow officer approached Sanchez on the passenger side of the vehicle. As was his custom, Jimerson brought Dumars back to the police car where he wrote out a warning ticket. Without going into unnecessary detail, Jimerson asked Dumars if he could search the pickup, to which Dumars replied, "O.K." Then, because Jimerson knew that Sanchez was the owner of the pickup, Jimerson walked to the passenger side and told Sanchez that he was through with Dumars and that the two were free to leave. Then, Jimerson asked Sanchez if he could ask her a few questions. Sanchez responded affirmatively. When Jimerson next asked Sanchez if she had anything illegal in the vehicle, Sanchez responded, "No, do you want to take a look?" Jimerson said, "Sure," and Sanchez replied, "Hey, go right ahead." The officers then made a search of the pickup and found 226 1/2 pounds of marijuana underneath a false bed in the pickup.
 
 
 6
 Based on the testimony of Jimerson, which was uncontradicted, the district court held that the stop was not pretextual. We agree. In support of our resolution of this issue, see, e.g., United States v. Horn, 970 F.2d 728, 731 (10th Cir.1992), where we held that "[a]bsent introduction of any rationale for the stop outside the parameters of the traffic violations, the stop cannot, by definition, be called 'pretextual'." That quote fits the present case.
 
 
 7
 Further, the district court also found that the detention of Dumars after the nonpretextual stop was not unreasonably long. Again, we agree. The pickup was stopped at 10:46 a.m. on March 29, 1993. Dumars was given a warning ticket at about 10:52 a.m. and within a minute or two thereafter, Dumars consented to a search of the pickup. The troopers commenced searching the pickup at 10:54 and by 11:01 had found the marijuana, whereupon they arrested Dumars, and Sanchez. There was no unreasonable detention of Dumars. In support of our resolution of this issue, see, e.g., United States v. Gonzalez-Luma, 14 F.3d 1479, 1483 (10th Cir.1994) ("officer may detain the driver for questioning unrelated to the initial traffic stop if he has an objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring [or] ... if the initial detention has become a consensual encounter"). In the present case, the initial stopping, as above indicated, was not pretextual, and we agree with the district court that the ensuing encounter was consensual.
 
 
 8
 In sum, the findings of the district court are supported by the record, and are, definitely, not clearly erroneous. Hence, counsel's argument that the stop was pretextual and the detention was unreasonable, each tainting the subsequent search, is unavailing.
 
 
 9
 Judgment affirmed.
 
 
 
 *
 The Honorable Juan G. Burciaga, Senior United States District Judge for the District of New Mexico, sitting by designation. Judge Burciaga died on March 5, 1995
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470