**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2002**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RENE R. GONZALES,

      Defendant-Appellant.

No. 01-3117
(D.C. No. 00-CR-10102-01-MLB)
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **ALARCON**,[**] and **ANDERSON,** Circuit Judges.

      Rene R. Gonzales entered a conditional plea of guilty to count one of an indictment charging unlawful possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. He appeals the denial of his motion to suppress evidence. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Arthur L. Alarcon, United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

While patrolling I-70 west of Colby, Kansas, on the afternoon of July 16, 2000, state highway patrol sergeant Terry Kummer observed the car driven by Mr. Gonzales twice cross the fog line by approximately two feet within a one-mile span. After pulling the car over and inspecting Mr. Gonzales' license and rental car agreement and briefly conversing with the driver, Sergeant Kummer, issued a warning ticket and stated "have a safe trip." At that point, Kummer admittedly had no intention of allowing Gonzales to leave the scene. Within seconds, Sergeant Kummer resumed his conversation with Mr. Gonzales, stating "Can I ask you a few questions?" Gonzales answered in the affirmative, with Kummer then inquiring whether the driver was carrying any guns or weapons. Mr. Gonzales answered "no," and then opened the vehicle's trunk lid with the remote release when Kummer asked to search the trunk space. Having found no contraband in this area, Sergeant Kummer pointed toward the passenger side of the vehicle, asking "Mind if I look over there?" Without a discernable response from Mr. Gonzales, at least as was evident from the videotape recording of the incident, Kummer walked around the car. He opened the car's rear, passenger-side door after Mr. Gonzales unlocked it, either manually by reaching over the seat or by using the remote release.

Sergeant Kummer opened the lid to a cooler located in the back seat. Conversing with Mr. Gonzales about the contents of the cooler while

simultaneously rummaging through it, Sergeant Kummer located a plastic container, which he opened. In it he discovered what he believed to be an illegal substance. He placed Mr. Gonzales under arrest.

Mr. Gonzales was indicted for possession of methamphetamine with intent to distribute. The district court denied his motion to suppress the evidence obtained from the vehicle search as well as his motion for reconsideration. He then entered a conditional plea of guilty to count one of the indictment and was sentenced to an 87-month term of imprisonment.

On appeal, Mr. Gonzales asserts that the district court erred in failing to suppress evidence obtained from the traffic stop on the following grounds: the initial stop was unjustified; even if the stop was justified, the continued detention and questioning exceeded the permissible scope of the stop; and there was no "objectively reasonable and articulable suspicion" sufficient to justify the continued detention.

We review factual findings from the denial of a criminal defendant's motion to suppress evidence for clear error, viewing the evidence in the light most favorable to the government. *See United States v. Gordon,* 173 F.3d 761, 765 (10th Cir. 1999). We review *de novo* questions of law, including ultimate determinations of reasonableness. *See id.*

Addressing the first argument raised on appeal, we find no error in the

district court's determination that the initial stop of Mr. Gonzales' vehicle was justified. A traffic stop constitutes a "seizure" within the meaning of the Fourth Amendment and is therefore subject to the "reasonableness" requirement. *See Delaware v. Prouse,* 440 U.S. 648, 653 (1979). This requirement is met if the officer has either probable cause to believe that a traffic violation was committed by the motorist, or a reasonable articulable suspicion that the driver violated the jurisdiction's traffic regulations. *See United States v. Ozbirn,* 189 F.3d 1194, 1197 (10th Cir. 1999). After hearing the testimony, the district court found Sergeant Kummer's testimony to be both credible and sufficient to either support probable cause to stop Mr. Gonzales' car, or alternatively, to provide a reasonable articulable suspicion for the stop. We see no error in this determination.

Nor are we persuaded the district court erred in determining that Mr. Gonzales voluntarily consented to the continued detention and questioning, as well as to the search of his vehicle and its contents. Once a driver has produced a valid driver's license and vehicle registration, an officer conducting a routine traffic stop is prohibited from continuing to detain the motorist, subject to two exceptions. *See United States v. Gonzalez-Lerma,* 14 F.3d 1479, 1483 (10th Cir. 1994) (internal citations omitted). Applicable to this case is the exception created when the encounter between the officer and the citizen becomes consensual. *See id.* Correctly applying a totality of the circumstances test, the district court found

that the initial stop had become a "consensual encounter" between Mr. Gonzales and Sergeant Kummer. The evidence supports that conclusion.

Finally, we find no error in the district court's determination that Mr. Gonzales voluntarily consented to the search of his automobile. In general, a warrantless search is permissible when the acting officer obtains valid consent to perform the search in question. *See Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991). The scope of this search is limited by the scope of the consent given, and is assessed according to an objective standard of reasonableness. *See id* at 251-252. Under this standard, a suspect's general consent to search an area is deemed to extend to a search of any containers within that area that could hold contraband, unless the suspect has limited the scope of the search consented to or has withdrawn consent to the search. *See id.* A defendant's failure to limit or withdraw the consent indicates the search was performed in accordance with the consent given. *See United States v. Gordon,* 173 F.3d at 766.

Applying these principles to the facts of this case supports our conclusion that the search of the cooler and its plastic container did not exceed the scope of Mr. Gonzales' consent. The warrantless search of the vehicle was justified by Mr. Gonzales' voluntarily consent to it. The district court's findings establish that under an objective standard, Gonzales' general consent to search would include areas of the automobile in which weapons or drugs could be found.

Sergeant Kummer asked Gonzales if he was carrying any of these items, and immediately after Gonzales answered "no," Kummer asked to inspect the trunk. Mr. Gonzales answered affirmatively by opening the trunk lid with the remote release. Clearly this search would reasonably be understood to be for the items just mentioned by Sergeant Kummer.

Mr. Gonzales did not expressly or impliedly limit the bounds of the search, nor did he clearly object to the search once Sergeant Kummer asked to extend it to the rear passenger compartment of the vehicle. Gonzales again failed to object to the continued search once Kummer had gained access to the back seat, opened the cooler, rummaged through it, and then opened a container within the cooler. Under an objective standard of reasonableness, these extended searches did not exceed the boundaries of Gonzales' original consent, because all the areas searched were within the areas consented to, namely the passenger compartment of the vehicle, and they were all capable of containing contraband.

For the foregoing reasons, Mr. Gonzales' conviction and sentence are **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-